# CHARLESTON.

STATE *ex rel.* BALDWIN SUPPLY COMPANY *v.* THOMAS R. SHEPHERD, JUDGE.

Submitted December 11, 1923.    Decided January 9, 1924.

1. COURTS—*Generally Court With Concurrent Jurisdiction First Obtaining Complete Jurisdiction Has Exclusive Right to Determine Issues.*

   Generally, when courts of concurrent jurisdiction are in conflict, the court that first obtains jurisdiction of the subject matter and the parties has the exclusive right to hear and determine the matters in issue.    (p. 336).

2. SAME—*Circuit Court in Another Jurisdiction Without Authority to Act in Matters Involved in Prior Suit Where Jurisdiction Acquired.*

   So that where a general lien creditors' suit is instituted in one judicial circuit, process is duly executed, and bill is filed, praying for the sale of defendant's property and that a receiver be appointed to take possession thereof pending the suit, such circuit court thereby having acquired jurisdiction of the subject matter and the parties, a circuit court in another jurisdiction in a subsequent suit has no authority to appoint a special receiver of the property or to take cognizance of the matters involved in the first suit brought.    (p. 337).

Application by the State, on the relation of the Baldwin Supply Company, against Thomas R. Shepherd, Judge, for writ of prohibition.

*Writ awarded.*

*O. L. Hall* and *Eakle & Alderson,* for relator.

MEREDITH, PRESIDENT:

This is an application for a writ of prohibition to prevent

the Judge of the Circuit Court of Cabell County from taking jurisdiction over certain property of the Mid-Lothian Jewell Coal Company, located in Clay County.

On 'July 27, 1923, one of relators, Baldwin Supply Company, brought suit in the Circuit Court of Clay County against the Mid-Lothian Jewell Coal Company and others to enforce a judgment and execution lien against its property, located in that county, and prayed in its bill for the appointment of a special receiver. Process was returned executed at September rules, bill filed, decree nisi entered thereon; at October rules the bill was taken for confessed and the cause set for hearing.

On September 5, 1923, the Charleston Hardware Company, one of relators, brought suit in the same court against the company and others to enforce its judgment and execution lien against the companys property. Process thereon was returned executed at October rules, bill filed, decree nisi, and at November rules the bill was taken for confessed and the cause set for hearing. It also prayed for the appointment of a special receiver of the defendant company's property.

At the November term following, the Circuit Court of Clay County consolidated the two causes, and referred them to a commissioner to ascertain the assets, liens, priorities and debts. In the first mentioned cause notice was given that application would be made to the Judge of the Circuit Court of Clay County for the appointment of a special receiver on September 19, 1923. After this notice was served on the company, certain of the respondents applied to the Circuit Court of Cabell County for the appointment of a special receiver of the company's property, and respondent A. H. Moore was appointed. This appointment was made not in a pending suit, but in a creditor's suit thereafter to be instituted, and which appears not to have been instituted until September 27, 1923. Thereupon the Judge of the Circuit Court of Clay County postponed the motion made in his court, and, we presume the same is still pending.

The only question is whether the Circuit Court of Cabell County has jurisdiction. It may be conceded that it would have jurisdiction had the suit pending there been instituted

first. But two courts, vested with equal power, can not have jurisdiction over the same subject matter at the same time; manifestly the one that acquires jurisdiction first acquires it to the exclusion of the other. This is absolutely necessary to the orderly administration of justice. In *McGrew* v. *Maxwell*, 80 W. Va. 718, 94 S. E. 395, it was held that the Circuit Court of Harrison County, in a subsequent creditors' suit, had no jurisdiction to enjoin the plaintiff creditors in another creditors' suit pending in the Circuit Court of Monongalia County, from further prosecuting the same and selling certain lands attached, belonging to the common debtor of all the creditors, the Monongalia suit having been instituted first. The court there said:

> "The general rule is that when courts of concurrent jurisdiction are in conflict, the court first to obtain jurisdiction of the subject matter and of the parties has the exclusive right to maintain the same, and can not be enjoined by such other court from the exercise of that jurisdiction and from pronouncing and enforcing its judgments and decrees against the persons and property involved."

When the suits were instituted in Clay County and process properly served that circuit court acquired jurisdiction of the subject matter and of the parties. This jurisdiction was acquired prior to the institution of the suit in Cabell County. As was said in *Farmers' Loan & Trust Company* v. *Lake Street Elevated Railroad Company*, 177 U. S. 51, 20 Sup. Ct. Rep. 564:

> "The possession of the res vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power. This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts whose jurisdiction embraces the same subjects and persons.
>
> Nor is this rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshall

assets, administer trusts, or liquidate insolvent estates, and in suits of a similiar nature where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected. The rule has been declared to be of especial importance in its application to Federal and state courts. *Peck* v. *Jenness,* 7 How. 612. 12 L. ed. 841; *Freeman* v. *Howe,* 24 How. 450, 16 L. ed. 749; *Moran* v. *Sturges,* 154 U. S. 256, 38 L. ed. 981; *Central Nat. Bank* v. *Stevens,* 169 U. S. 432, 42 L. ed. 807, 18 Sup. Ct. Rep. 403; *Harkrader* v. *Wadley,* 172 U. S. 148, 43 L. ed. 399, 19 Sup. Ct. Rep. 119.''

''And the test of priority is not to be found in the first actual manual possession of the res, but the court which first asserts exclusive control by reason of having taken cognizance of the subject matter of the litigation is entitled to proceed with the administration of the estate.'' High on Receivers (4th ed.) §48.

Authorities might be multiplied, but these are sufficient. The Circuit Court of Clay County acquired jurisdiction to the exclusion of all other courts of concurrent powers. It therefore follows that the Circuit Court of Cabell County had no jurisdiction to appoint a special receiver; hence the writ will be awarded.

*Writ awarded.*