Marion MacCorkle

*v.*

Julian F. Bouchelle, *Judge, etc., et al.*

(No. 10128)

Submitted February 1, 1949.   Decided

March 1, 1949.

*Silverstein, Angel, Barringer & Grimm* and *F. H. Harless,* for relator.

*Jackson, Kelly, Morrison & Moxley* and *Frank R. Lyon, Jr.,* for respondents.

410

Lovins, Judge:

This original proceeding in prohibition was instituted by Marion MacCorkle, petitioner, against The Honorable Julian F. Bouchelle, Judge of the Circuit Court of Kanawha County, and Torquil MacCorkle, respondents. The controlling question here presented is whether the Circuit Court of Kanawha County had jurisdiction to grant a temporary injunction in the circumstances hereinafter stated.

The injunction grew out of a divorce suit commenced on July 2, 1948, in the Court of Common Pleas of Kanawha County by Marion MacCorkle against Torquil MacCorkle. Plaintiff's bill of complaint, charging that her husband was guilty of cruelty, prayed for a divorce from the bonds of matrimony; the permanent custody of the two children born of said marriage, aged four and six years, respectively; and for other relief unnecessary to mention. Torquil MacCorkle filed a pleading in said divorce suit denominated an answer and cross bill, in which he denied certain allegations contained in the bill of complaint, and alleged, in substance, that Marion MacCorkle is mentally incompetent and unfit to have the custody and care of the children, who were then in the custody of their paternal grandmother. In said pleading he prayed that the temporary custody of said children be given to their paternal grandmother; that he be given their permanent custody; and that Marion Mac-Corkle be enjoined from having the care and custody of said children and from seeing them.

The petition in this proceeding alleges that Marion MacCorkle served notice on Torquil MacCorkle that on September 11, 1948, she would apply to the Court of Common Pleas of Kanawha County for the custody of the two children; that Torquil MacCorkle served a notice on her that he would on the same day move that the temporary custody of the children be given to his mother; and that he would move the court to grant a temporary

injunction restraining Marion MacCorkle from having their care and custody.

Depositions and testimony were taken and submitted between September 11 and December 23, 1948. That evidence is mostly of a medical nature, relating to the mental condition of Marion MacCorkle and her fitness to have the temporary custody of the children. Some of the medical testimony tends to show that Marion Mac-Corkle is suffering from schizophrenia, causing mental instability to such extent that it would be dangerous and detrimental to the children to be placed in her custody. Other testimony tends to show that Marion MacCorkle is suffering from puerperal psychosis, not schizophrenia, and that she is mentally competent to have the care and custody of her children.

The Court of Common Pleas of Kanawha County, after hearing the testimony and rejecting additional testimony offered, made an order granting to Marion MacCorkle the temporary custody of the two children; denied the prayer of the pleading filed by Torquil Mac-Corkle with respect to the temporary and permanent custody of the children; denied his prayer for an injunction; required Torquil MacCorkle to pay sixty dollars per month for the support and maintenance of Marion MacCorkle and said children pending the suit, or until the further order of the court; required that defendant pay to plaintiff the sum of one hundred dollars for counsel fees and the costs incurred in the divorce suit up to the time of the entry of the order; and overruled his motion to stay the enforcement of such order.

On the same day Torquil MacCorkle made application by petition to the Circuit Court of Kanawha County setting forth the proceedings in the court of common pleas, and filed as exhibits with said petition, transcripts of practically all of the testimony theretofore taken. It is alleged in such petition that Marion MacCorkle is

mentally incompetent, and that it would be dangerous to permit her to have the custody of such children. The prayer of the petition is: "That this Court do restrain and enjoin Marion MacCorkle from having the care and custody of said children until the further order of this Court, and that until the further order of this Court, said children be permitted to remain and live with Mrs. William G. MacCorkle", and for further relief. The Circuit Court of Kanawha County, upon consideration of said petition, and over the objection of Marion Mac-Corkle, granted the temporary injunction prayed for, and awarded the temporary custody of the children to their paternal grandmother.

Thereafter Marion MacCorkle filed her petition in this Court, praying for a writ of prohibition directed to the Judge of the Circuit Court of Kanawha County to prohibit him and Torquil MacCorkle from enforcing said injunction, or in any manner interfering with the enforcement of the order of the Court of Common Pleas of Kanawha County, concerning the temporary custody of the two children.

Marion MacCorkle contends that the Circuit Court of Kanawha County was without jurisdiction to grant the injunction mentioned above. The foregoing contention calls for inquiry and discussion of the jurisdiction of the Court of Common Pleas of Kanawha County, and the relation thereof to the jurisdiction of the Circuit Court of Kanawha County, concerning divorce suits and the con-comitant question of the custody of children.

The Court of Common Pleas of Kanawha County was established by Chapter 109, Acts of the Legislature, Regular Session, 1915. Amendments to said chapter were enacted thereafter, but none of them is material to the determination of the question here presented, except Chapter 124, Acts of the Legislature, Regular Session, 1925, the pertinent portion of which reads: "The said

court [Court of Common Pleas of Kanawha County] shall have original jurisdiction within the county of Kanawha concurrent with the circuit court of said county in all suits and proceedings in equity. * * *." It will be noted that the only limitation placed on the jurisdiction of the court of common pleas as to suits and proceedings in equity is a territorial limitation, being confined to Kanawha County. It thus appears by express provisions of the statute that the Circuit Court of Kanawha County, and the court of common pleas of that county are courts having concurrent jurisdictions as to suits and proceedings in equity.

The jurisdiction of the Circuit Court of Kanawha County of divorce suits and the concomitant question of the custody of the children of the parties to such suits is conferred by Code, 48-2-6. That jurisdiction is entirely statutory. *Boger v. Boger,* 86 W.Va. 590, 104 S.E. 49; *White v. White,* 106 W.Va. 569, 146 S.E. 376. By the enactment of Chapter 124, Acts of the Legislature, Regular Session, 1925, similar concurrent jurisdiction was conferred on the Court of Common Pleas of Kanawha County.

Generally, when courts having concurrent jurisdiction over the subject matter are in conflict, the court first taking jurisdiction of the subject matter and the parties has the exclusive right to hear and determine the matters in issue. *State v. Shepherd, Judge,* 95 W.Va. 335, 121 S.E. 98. See *McGrew v. Maxwell,* 80 W.Va. 718, 94 S.E. 395.

In *State v. Fredlock,* 52 W.Va. 232, 241, 43 S.E. 153, this Court, quoting with approval from *Peck v. Jenness,* 7 How. 612, said: " 'It is a doctrine of law too long established to require a citation of authorities, that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and whether its decision be correct or otherwise, its judgment, till

reversed, is regarded as binding on every other court; and that, where the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. These rules have their foundation, not merely in comity, but on necessity. For if one may enjoin, the other may retort by injunction, and thus the parties be without remedy; being liable to process for contempt in one, if they dare to proceed in the other.'" The cases of *State v. Fredlock, supra,* and *Lewis, Hubbard & Co. v. Pugh,* 115 W.Va. 232, 174 S.E. 880,hold that a court of concurrent jurisdiction, having taken prior jurisdiction of the subject matter in litigation, may protect the same by injunction. Such holdings are the converse of the question here considered.

It is conceded that the Court of Common Pleas of Kanawha County has concurrent jurisdiction of the subject matter of the divorce suit between Marion Mac-Corkle and Torquil MacCorkle, and applying the rule above stated, we are of opinion that the Court of Common Pleas of Kanawha County, in the exercise of the power given it by statute, had taken jurisdiction of the divorce suit and therefore possessed the exclusive jurisdiction to determine all questions properly presented therein.

Respondents, however, rely on Code, 53-5-6, which provides as follows: "When a court of limited jurisdiction authorized to grant injunctions, or a judge thereof, shall refuse to grant an injunction, a copy of the orders entered in the proceedings in court, and the original papers presented to the court or to the judge in vacation, with his order of refusal, may be presented to the circuit court of the county in which such court of limited jurisdiction is, or to the judge of such circuit court in vacation, who may thereupon award the injunction."

Code, 53-5-6, provides the same procedure that is required by Code, 53-5-5, relating to the granting of injunctions by this Court. Since Code, 53-5-5, generally is applied to temporary injunctions only, it has been the practice of this Court, when considering and granting an injunction formerly refused by a circuit court, to remand the cause to the circuit court of its origin for determination there of all questions as to whether the temporary injunction be perpetuated or dissolved. The decree of the Circuit Court of Kanawha County did not remand the cause to the court of common pleas of said county.

It will readily be seen that the order of the court of common pleas and the injunction granted by the circuit court are in conflict, one court granting the relief to one party, and the other court enjoining the enforcement of that relief. We do not think it was the intent of the Legislature in enacting Code, 53-5-6, to authorize such proceeding. The Court of Common Pleas of Kanawha County had the adverse pleadings of the parties before it, and had under consideration testimony relating to the custody of the children, sufficient to present fully the issues of fact involved. Based thereon, it had granted to Marion MacCorkle the temporary relief prayed for by her. We do not think that the Circuit Court of Kanawha County had jurisdiction under Code, 53-5-6, to enjoin the enforcement of an order so made.

It may be that the court of limited jurisdiction has erroneously ruled on the matter before it, but if such court had jurisdiction of the parties and the subject matter on which it ruled, a supervisory court cannot interfere with such ruling or adjudication by injunction. Of course, under Code, 58-4, the circuit court may grant a writ of error to or appeal from the judgment or decree of a court of limited jurisdiction. But the prayer of the petition filed in the Circuit Court of Kanawha County cannot be treated as an application for appellate

relief. Moreover, the prayer of Torquil MacCorkle in his pleadings hereinabove mentioned for an injunction was entirely unnecessary, in view of the fact that the order granting temporary custody of the children to his mother would have been as effective as the temporary injunction prayed for. An order, granting the custody of children, is enforceable to the same extent and in the same manner as an injunction. Hence we think the application for an injunction was colorable only.

Without considering the testimony introduced and submitted to the Court of Common Pleas of Kanawha County, as to the correctness of its order made December 23, 1948, we are of opinion that it is valid and binding on all parties, until it is modified or reversed by appropriate appellate procedure.

Although Section 12 of Article VIII, Constitution of West Virginia, authorizes circuit courts to supervise and control proceedings pending "before inferior tribunals by mandamus, prohibition and certiorari", we do not think that such constitutional provision grants a circuit court power to invade the jurisdiction of an inferior court by means of an injunction in the circumstances here disclosed.

It is to be noted that the order of the court of common pleas provides for the payment of sixty dollars per month for the support and maintenance of Marion MacCorkle and the said two children, and one hundred dollars for counsel fees, and the costs of the suit. It thus became an order requiring the payment of money. An interlocutory order of a circuit court for the payment of temporary alimony and attorneys' fees for an amount in excess of one hundred dollars is appealable to this Court under Code, 58-5-1, *Slater v. Slater,* 118 W.Va. 645, 191 S.E. 524. See *Blackshere v. Blackshere,* 111 W.Va. 213, 161 S.E. 27. Similarly, such a decree of a court of limited jurisdiction is appealable to the circuit court. Code, 58-4-1. While the question of appeal is not before

us in this proceeding, we note the appealable character of the order made by the court of common pleas as showing that Torquil MacCorkle is not entirely without remedy.

The circuit court being without jurisdiction to grant the injunction hereinabove discussed, the injunction is void, and a writ of prohibition is awarded prohibiting its enforcement.

*Writ awarded.*