STATE OF WEST VIRGINIA

*v.*

JULIAN F. BOUCHELLE, *Judge, Etc., et al.*

(No. 10198)

Submitted Sept. 7, 1949. Decided Oct. 1, 1949.

HAYMOND and RILEY, JUDGES, dissenting.

*Frank L. Taylor,* Prosecuting Attorney, *Herbert W. Bryan,* Assistant Prosecuting Attorney, for petitioner.

*T. C. Townsend, Hillis Townsend,* and *Joseph Thomas,* for respondents.

FOX, JUDGE:

The narrow question presented in this proceeding is whether the Circuit Court of Kanawha County may, on oral motion for bail, grant such bail in circumstances where application for such bail had been made to, and refused by, the Intermediate Court of Kanawha County, a court possessing general criminal jurisdiction subject, however, to appeal by writ of error to the circuit court of said county, and which intermediate court had custody of the respondent, E. A. McCoy, to whom such bail was granted by the circuit court. No question is raised as to the constitutional and statutory power of the circuit court of said county to grant bail where a case is before it on a writ of error, or where the writ of *habeas corpus* has been invoked therefor; nor is any question raised as to the right of said circuit court to grant bail, on oral motion,

where it has the custody of the person of the party applying therefor.

The facts giving rise to this dispute are that the respondent, E. A. McCoy, was under indictment with other parties, on five separate charges of misdemeanors, growing out of alleged violations of the laws of the State against gambling and the unlawful sale of intoxicating liquors, in the Intermediate Court of Kanawha County. He was tried on one of said charges, convicted and sentenced to confinement in the jail of Kanawha County and required to pay a fine. The judgment of fine and imprisonment was upheld by the Circuit Court of Kanawha County on May 18, 1949, and suspended for sixty days to permit a presentation of the case to this Court, but such presentation was not made within such extension period. A trial on another one of said charges was fixed for the 29th day of June, 1949. Immediately prior thereto, said respondent left this State and became a fugitive from justice, and was later located in the State of Tennessee. In the meantime, the bond he had given for his appearance for trial was forfeited. Extradition proceedings were instituted in Tennessee, but upon being advised by the proper authorities of that State that the warrant for his extradition to West Virginia would be awarded, respondent, on July 12, 1949, voluntarily returned to West Virginia and surrendered himself to the custody of the Intermediate Court of Kanawha County. In these circumstances he made application to said intermediate court for bail on July 20, 1949, and his motion was denied. On July 25, 1949, he made an oral motion in the Circuit Court of Kanawha County for the bail which the intermediate court had denied him, and said court on July 26, 1949, without any showing of cause, entered an order granting bail. On July 29, 1949, the petition in this case was filed, and on August 1, 1949, the rule in prohibition now before us was granted, requiring the respondent, Julian F. Bouchelle, Judge, and E. A. McCoy to appear before this Court on September 7, 1949, to show cause why the respondent judge should not be prohibited from further enforcing his order in granting bail as afore-

said. There was filed by the respondent Bouchelle, Judge, a demurrer to said petition, a motion to strike certain portions thereof, and an answer to said petition which does not raise any substantial questions of fact, and the case was submitted on the pleadings. On October 1, 1949, an order was entered by this Court granting a writ of prohibition inhibiting the said respondents, and each of them, from proceeding further in the enforcement of the order made by the Circuit Court of Kanawha County on July 26, 1949, admitting the said E. A. McCoy to bail, which order entered by this Court held that the order granting the bail aforesaid was void for the reason that in entering the same the Circuit Court of Kanawha County, in the circumstances, exceeded its legitimate powers. The order entered by this Court made provision for the filing of an opinion in the case, and such opinion is now filed. Such order was concurred in by Judge Kenna, now deceased, and this opinion represents the views of Judges Fox and Lovins, and, it is believed those held by Judge Kenna at the time the order aforesaid was entered.

While the granting of bail is now controlled by our statute, Section 6, Article 1, Chapter 62, Acts of the Legislature, 1937, Michie's Code, 1949, 62-1-6, it may not be out of place to refer to the common law rule in respect to the granting of bail. In 6 Am. Jur. 65, this rule is stated to be: "Under the common-law rule, bail was not granted as a matter of right, but was granted or denied in the exercise of a sound discretion, subject to certain established principles and precedents which provided the guide by which the court exercised its discretionary powers to the fullest advantage and in accordance with the soundest principles of justice. It has been said, however, that the policy pervading our jurisprudence in this respect, and the unmistakable trend, is to commit as little as possible to judicial discretion." Some of the states have made the granting of bail a constitutional privilege, and, of course, there prevails a rule found in most Constitutions that excessive bail shall not be required. Section 5 of Article III of our State Constitution provides that: "Excessive bail

shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. * * *" This, of course, implies that courts should, in proper cases, grant bail, and requires them to conform to the provisions of the Constitution quoted above. The manner of granting bail was controlled by statute in Virginia prior to the formation of this State. Section 6, Chapter 204, Virginia Code, 1849, provides that a circuit court, or the general court, or any judge thereof, might admit a person to bail before conviction, and in substance the same provision is contained in the corresponding section of the Virginia Code of 1860.

Section 6 of Chapter 156, Code, 1868, provides that:

"A justice may let to bail a person who is charged with, but not convicted of, an offense not punishable with death. If the offense be punishable by confinement in the penitentiary, he shall not admit such person to bail in a less sum than five hundred dollars. But a justice shall not admit any person to bail, if bail has been previously refused to such person by any court, judge, or justice; nor shall any person, confined in jail by an order of commitment, in which the amount of bail he is to give is specified, or where an order has been made by a court or judge fixing the bail such person is to give, be admitted to bail by a justice in a less sum than is specified in such order. But a circuit court, or a judge thereof in vacation, may, for good cause shown, admit any person to bail before conviction."

It will be noted that, for the first time, the requirement that good cause be shown for the admission of a person to bail is incorporated in the statute. Section 6 of Chapter 89, Acts of the Legislature, 1872, deals with the granting of bail, and contains this provision: "But a circuit court or a judge thereof, in vacation, may, for good cause shown, admit any person to bail before conviction." Section 6 of Chapter 79, Acts of the Legislature, 1882, provides: "* * * But a circuit court, or a judge thereof in vacation, may, for good cause shown, admit any person to bail before conviction, and may by order direct the clerk of the

circuit court of the county in which the offense is charged to have been committed, to take the bond with good security in such a sum as the court or judge may fix in said order." No further amendment to the statute in respect to the granting of bail was made until by Section 6 of Chapter 81, Acts of the Legislature, 1915, the statute was amended to read as follows:

"* * * But a circuit court, or supreme court of appeals, or a judge of either of said courts, in vacation, may, for good cause shown, admit any person to bail before conviction, or after conviction, except a conviction for offenses where the penalty is confinement in the penitentiary for life, or death, or during the suspension of the execution of the judgment of conviction or pending an appeal or writ of error, and may, by order, direct the clerk of the circuit court of the county in which the offense is charged to have been committed to take the bond with good security in such a sum as the court or judge may fix in said order. * * *"

By Chapter 38, Acts of the Legislature, 1935, amending and reenacting Section 6, Article 1, Chapter 62 of the Code of 1931, it is provided that:

"But a circuit, intermediate or criminal court, or the supreme court of appeals, or a judge of either of said courts in vacation, may, for good cause shown, admit any person to bail before conviction, or after conviction for a misdemeanor, or after a new trial has been granted after conviction for a felony, except conviction for offenses where the penalty is confinement in the penitentiary for life or death, * * *."

It will be observed that bail is authorized after conviction for a misdemeanor, but not where there has been a conviction for a felony unless a new trial has been granted. The final amendment to the statute was made by Section 6, Article 1, Chapter 62, Acts of the Legislature, 1937, by which it is provided that:

"* * * But a circuit, intermediate or criminal court, or the supreme court of appeals, or a judge

of either of said courts in vacation, may, for good cause shown, admit any person to bail before conviction, or after conviction, except a conviction for offenses where the penalty is confinement in the penitentiary for life, or death, and during the suspension of the judgment of conviction or pending an appeal or writ of error, and may, by order, direct the clerk of the circuit, intermediate or criminal court of the county in which the offense is charged to have been committed to take the bond with good security in such sum as the court or judge may fix in such order. * * *"

This final action of the Legislature is embodied in Michie's Code, 1949, 62-1-6.

The matter of granting bail has been considered by this Court in two cases, both of which disregard the plain language of the statute as it then existed in respect to granting bail in criminal cases. In *Ex Parte Hill*, 51 W. Va. 536, 41 S. E. 903, decided in the year 1902, it was held that: "After conviction of felony there can be no allowance of bail by this Court or a circuit court, except that for some cause extraordinary, not growing out of, but independent of, the criminal act, as for sickness, bail may be granted before conviction, or after it, pending a writ of error and before actual commitment to the penitentiary. * * *" The syllabus point then goes on to state that a party must be laboring under a present painful, severe and dangerous disease, and that there must be strong probable reason to apprehend that continued imprisonment would be fatal or cause grave injury to health. It was also held in that case that: "The Supreme Court of Appeals has jurisdiction to award a writ of *habeas corpus* having for its sole purpose the obtaining of bail in a felony case, and to grant bail upon it. Bail may be granted on mere motion in the circuit court under the statute." At the date of this holding, the controlling statute was Section 6, Chapter 79, Acts of the Legislature, 1882, which provided: "But a circuit court, or judge thereof in vacation, may, for good cause shown, admit any person to bail before conviction. * * *" Thus it will be seen that the Court in that case

treated the plain provisions of the statute as suspended on supposed principles of statutory construction that a provision within the letter of a statute, but not within its spirit, will not be given effect, and based its decision on principles of humanity. In the body of the opinion it was stated that:

> "But whilst it seems clear that our statute limits bail to persons not yet convicted, still that applies only to the circumstances connected with the offense, is tested by the party's guilt or innocence, and the statute does not, in such limitation, touch those cases where extraordinary circumstances, independent of the merits of the case, call for bail. 'The illness of the prisoner is such a circumstance, and the humanity of our law makes it a consideration which should, under all circumstances, regardless of the charge upon which the prisoner is confined, or the stage of the proceeding at which the application is made, influence the court to exercise its discretion and admit to bail.' 3 Am. & Eng. Ency. Law, 677; Church Hab. Corp. s 410."

In *Ex Parte Doyle*, 62 W. Va. 280, 57 S. E. 824, decided in 1907, it was held that:

> "A circuit court has power to and should bail after conviction of a misdemeanor pending a writ of error from the judgment; and application must be made to it for bail, before asking a *habeas corpus* of this Court to obtain bail."

Doyle had been sentenced to a term of imprisonment in the county jail, and had obtained a writ of error to the judgment of conviction. He then applied for bail to this Court by a writ of *habeas corpus*, and his application for bail was denied on said writ on the ground that the circuit court had power to grant bail after conviction in a misdemeanor case. The controlling statute, Section 6, Chapter 79, Acts of the Legislature, 1882, made no provision whatever for the granting of bail after conviction in any type of case, but it was stated in the body of the opinion that:

"* * * It is, and we think ought to be, law that one convicted of misdemeanor and granted a writ of error may be bailed pending it. Justice demands it. The section could not have been intended to deny this. The law of bail, by common law principles, would grant bail pending a writ of error. * * * We do not think our statute takes away this power to bail after conviction of misdemeanor; and the circuit court has this power. Bail rests on common law, except as statute controls; and that court has power to bail which has power to try and determine the case. The power is inherent in that court by common law, because it has charge of the accused. * * * By common law the Court of King's Bench wielded the power to bail, and our circuit courts, as courts of record of general common law jurisdiction, in bail matters wields the same jurisdiction. * * *

"Our decision is as to misdemeanors. As to felonies, there is discretion to bail or not; but I do not realize that such is the case of misdemeanors. * * *"

It will be observed that by such decision the Court only held that after a writ of error had been granted to a defendant in a misdemeanor case, the circuit court had power to and should grant bail. In the case at bar a writ of error had not been granted although an order suspending judgment had been entered to enable McCoy to apply for a writ of error, and the time fixed by the suspension order had expired.

As will be noted above, power to grant bail was first vested in the circuit courts of the State. This court had no statutory power to grant bail unless under its constitutional and statutory jurisdiction in *habeas corpus*. The development of the State created centers of population calling for the creation of courts of limited jurisdiction, as provided by Sections 1 and 19 of Article VIII of our State Constitution, and certain courts were established which, among other powers, had complete jurisdiction to try criminal cases, and were granted general jurisdiction over such cases. Among these was the Intermediate Court

of Kanawha County. It will be noted that subsequent to the establishment of this type of court, the power to grant bail was extended to them, the effect of which was to vest in such courts concurrent jurisdiction with circuit courts to grant bail in criminal cases. In many counties, including the County of Kanawha, all criminal cases are tried in the intermediate court, and the jurisdiction of the circuit court over such cases is limited to hearing appeals by way of writs of error to the intermediate court. In that county the custody of the person charged with crime is, in the first instance, always with the intermediate court, and if the supposed inherent power of courts to grant bail be given any weight, it necessarily follows that such power rests in the first instance with the court which has the person charged with crime in its custody. Therefore, application for bail is generally, and in all cases should be, made to the court having custody of the person charged with the crime, and not to a circuit court or to this Court, until the criminal or intermediate court has acted upon an application for bail. The naked power of the circuit courts of the State, and of this Court, to grant bail, as the statute says they may do, should not be exercised in such manner as to nullify on mere motion, oral or written, the action of a court of limited jurisdiction having full power to pass upon the question of granting bail. The power to grant bail vested in circuit courts, and in this Court, should be exercised either by way of writ of error or under the writ of *habeas corpus.* We say this because it is a well established rule applied to civil cases, and we think should be applied to criminal cases, that where courts of concurrent jurisdiction are in conflict, the court which first obtains jurisdiction of the subject matter and the parties should have exclusive right to hear the matter in issue. *State ex rel. Baldwin Supply Co.* v. *Shepherd, Judge,* 95 W. Va. 335, 121 S. E. 98; *McCorkle* v. *Bouchelle,* 132 W. Va. 409, 52 S. E. 2d 233. The *McCorkle* case involved an injunction issued by a circuit court which, in effect, nullified the action of the Court of Common Pleas of Kanawha County in entering an order respecting the temporary custody of infants. We held that

the circuit court, in granting the injunction, was not exercising an appellate power, and that it did not have power or jurisdiction to award an injunction, and thus nullify the action of the inferior court upon mere motion, as distinguished from an appellate proceeding. The same principle applies to the case at bar, and requires us to hold that the Circuit Court of Kanawha County, in granting bail to respondent, McCoy, on mere motion, exceeded its legitimate power, even though it had jurisdiction and power to grant bail in all cases properly presented to it.

There can be no question of the jurisdiction of the Circuit Court of Kanawha County to grant bail in all cases where an application therefor may be properly made to that court. In most counties of the State, circuit courts exercise sole jurisdiction to try criminal cases; and in such courts bail may be granted on mere motion under the statute. *Ex Parte Hill, supra.* There can be no question of the power of the circuit court, and of this Court, to award a writ of *habeas corpus,* having for its sole purpose the obtaining of bail in a felony case, and to grant bail upon it. *Ex Parte Hill, supra.* There can be no question of the right of the Circuit Court of Kanawha County to grant bail where there has been an application before it for an appeal by way of writ of error to the judgment of the intermediate court of said county. In creating the Intermediate Court of Kanawha County, the Legislature did not intend to deprive the circuit court of said county of any power it originally possessed, save and except those powers which the intermediate court was empowered to exercise exclusively, in the first instance, by reason of its custody of a person charged with a crime, and the power granted to it to try all criminal cases. In this respect, we think the power of the circuit court was limited to conform in criminal cases to the procedure established in civil cases, and that its right to grant bail was thereby limited to the exercise of its appellate power, or the exercise of its power to award the writ of *habeas corpus* for such purpose. Any other rule would violate the general principle that the court first taking jurisdiction is ex-

clusively entitled to exercise its full powers. But the Intermediate Court of Kanawha County in the exercise of such powers, is, of course, subject to the supervision and control of the circuit court of said county on writ of error, and, in its exercise of the independent power to grant the writ of *habeas corpus.*

The mere possession of naked power or jurisdiction does not authorize its misuse or abuse. Code, 53-1-1, provides that: "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers." Our holding in this case is that while the Circuit Court of Kanawha County has, in all cases properly before it, general jurisdiction to grant bail, it exceeded its legitimate powers in that respect when, on mere motion, it granted bail to the respondent, E. A. McCoy; and that this Court is warranted in prohibiting the enforcement of the order granting such bail. As indicated above, in the circumstances of this case, the circuit court should have declined to entertain such motion and require the respondent, McCoy, to proceed by way of writ of error or *habeas corpus* if he sought the judgment of the circuit court on his application for bail. In making this statement we are, perhaps, influenced by our belief in the value of a policy which, as between courts, tends to that amity, respect and consideration, one for the other, which should always prevail.

The principles announced in this opinion may not have been fully recognized and applied by this Court in passing upon the application for bail where a circuit court has refused to grant bail. We have many times entertained petitions for bail in cases where bail was refused by a circuit court. We have always required the filing of a petition in writing, and a showing of good cause before granting bail; but we have not followed the course suggested by Judge Brannon, in *Ex Parte Hill, supra,* that application for bail be made through the use of the writ of *habeas corpus.* In the future, persons applying to this

Court for bail, in cases where the same has been refused by the circuit court having the custody of the person seeking bail, will be well advised to use the writ of *habeas corpus,* or some appropriate appellate procedure.

*Writ awarded.*

HAYMOND, JUDGE, dissenting:

As the decision of this Court in awarding a writ of prohibition in this proceeding is contrary to the express provision of the statute which confers jurisdiction upon a circuit court to grant bail to a prisoner after his conviction of any offense other than an offense for which the penalty is death or confinement in the penitentiary for life, I respectfully but emphatically record my dissent.

The statute, in force when the prisoner, E. A. McCoy, after bail had been refused by the Intermediate Court of Kanawha County, made his motion in the circuit court of that county to grant him bail, and when that court granted that motion and admitted him to bail, clearly and expressly provides that "a circuit, intermediate or criminal court, or the supreme court of appeals, or a judge of either of said courts in vacation, may, for good cause shown, admit any person to bail before conviction, *or after conviction,* except a conviction for offenses where the penalty is confinement in the penitentiary for life, or death, and during the suspension of the execution of the judgment of conviction or pending an appeal or writ of error, and may, by order, direct the clerk of the circuit, intermediate or criminal court of the county in which the offense is charged to have been committed to take the bond with good security in such sum as the court or judge may fix in such order: * * *." (Emphasis supplied.) Code, 1931, 62-1-6, as amended, incorporated in Michie's Annotated Code, 1949, as Section 6152, and just quoted in part, confers original jurisdiction upon the circuit court to admit to bail, upon motion, a person convicted of a misdemeanor, or any other offense except an offense punishable by death or confinement in the penitentiary for life. The terms of the statute are clear and free from any doubt or am-

biguity, and they unquestionably mean exactly what they say. When a statute is plain and unambiguous there is no room for interpretation. In such instance judicial construction of the statute is not permissible and it is the solemn and imperative duty of the court to give full force and effect to the express terms and provisions of the legislative enactment. *Hereford* v. *Meek,* 132 W. Va. 373, 52 S. E. 2d 740; *State ex rel. Department of Unemployment Compensation* v. *Continental Casualty Company,* 130 W. Va. 147, 42 S. E. 2d 820; *State ex rel. McLaughlin v. Morris,* 128 W. Va. 456, 37 S. E. 2d 85; *Barnhart* v. *State Compensation Commissioner,* 128 W. Va. 29, 35 S. E. 2d 686; *State v. Conley,* 118 W. Va. 508, 190 S. E. 908; *Pettry* v. *State Compensation Commissioner,* 111 W. Va. 409, 163 S. E. 16; *State v. Crawford,* 83 W. Va. 556, 98 S. E. 615. In *State of West Virginia ex rel. Department of Unemployment Compensation* v. *Continental Casualty Company,* 130 W. Va. 147, 42 S. E. 2d 820, this Court, in discussing a clear and unambiguous provision of a statute, said: "When a statute is clear and unambiguous, and the legislative intent is plain, the statute should not be interpreted by the courts. 50 Am. Jur., Statutes, Section 225. See *State ex rel. McLaughlin* v. *Morris,* 128 W. Va. 456, 37 S. E. 2d 85. In such case the duty of the courts is not to construe but to apply the statute." This plain duty this Court, by its decision in this proceeding, has refused to recognize or perform. Instead it has utterly failed to comply with and has completely disregarded the clear mandate of the Legislature.

It is axiomatic in this jurisdiction that the writ of prohibition will not issue against an inferior court unless it is without jurisdiction to act or in acting has exceeded its legitimate powers, and that prohibition will not lie to prevent or correct its merely erroneous judgment. *County Court of Wood County* v. *Boreman,* 34 W. Va. 362, 12 S. E. 490; *Haldeman* v. *Davis,* 28 W. Va. 324; *McConiha* v. *Guthrie,* 21 W. Va. 134; *Buskirk* v. *Judge,* 7 W. Va. 91. See also Code, 1931, 53-1-1; *State* v. *Hudson,* 93 W. Va. 209, 116 S. E. 511.

The issue in this proceeding is not whether the circuit

court should or should not have admitted McCoy to bail upon his original motion in that court but whether that court, under the quoted provision of the statute, had jurisdiction to admit him to bail upon motion or in so acting exceeded the legitimate power and authority so to do expressly vested in it by a valid act of the Legislature. Unless clear, simple and unambiguous words have entirely lost their meaning and effect and unless plain English as a medium of expression has become completely futile and ineffective, the quoted provision of the statute authorizes and empowers the Circuit Court of Kanawha County to entertain an original application for bail by a person convicted of any offense other than an offense punishable by death or confinement in the penitentiary for life and, in its discretion, to admit such person to bail. If the plain words of the statute do not have or convey that meaning they are entirely devoid of any meaning. The power of the circuit court, under the statute, to admit, in the first instance, a person to bail after conviction, is independent of the identical power of an intermediate court or a criminal court, or of this Court, to do likewise. The statute may be searched, studied and analyzed in vain for any reference to appellate jurisdiction of a circuit court with regard to its power to grant bail, or for any limitation, such as appellate process or an independent proceeding of *habeas corpus,* in its exercise. Beyond question the statute deals solely with the exercise of the jurisdiction conferred upon each of the specifically designated courts in an original proceeding in any of them. The question of the jurisdiction of a circuit court by an appellate proceeding to reverse an order of an intermediate court or a criminal court refusing bail or to grant bail in an independent *habeas corpus* proceeding, with or without a previous order of refusal, which forms the basis for the greater portion of the majority opinion and which that opinion, without any necessity whatsoever for so doing, discusses at length, is not presented or involved in this proceeding.

An original application for bail, either upon motion or

by petition, is a single and independent proceeding in any court mentioned in the statute in which such application is or may be made, and a subsequent original application to any other court is likewise a new and separate proceeding and not a continuation of the first proceeding. When the Intermediate Court of Kanawha County refused the application of the prisoner for bail that particular proceeding, so far as that court was concerned, was terminated and, unless and until appealed from, was completely concluded. The first application for bail in the intermediate court in which bail was refused, and the subsequent application to the circuit court in which bail was allowed were not the same proceeding but separate and entirely distinct proceedings. There is no connection between the two applications except the object of the prisoner in each to obtain bail and the possible persuasive effect of the order of refusal in the first application upon the circuit court in the exercise of its discretion in granting or refusing to grant bail in the subsequent proceeding.

I challenge as purely gratuitous, as unsupported by any authority, and as contrary to the express provision of the quoted statute, the statements in the majority opinion that "The naked power of the circuit courts of the State, and of this Court, to grant bail, as the statute says they may do, should not be exercised in such manner as to nullify on mere motion, oral or written, the action of a court of limited jurisdiction having full power to pass upon the question of granting bail. The power to grant bail vested in circuit courts, and in this Court, should be exercised either by way of writ of error or under the writ of *habeas corpus*." The sentence just quoted expressly admits that the power to grant bail is vested in the circuit courts and in this Court, but it ignores and overlooks the very important consideration that the statute which vests that power alike in circuit, intermediate and criminal courts, and in this Court, contains no restriction or limitation whatsoever with respect to the manner in which that power may be exercised or used. There is no word, syllable or even letter in the statute which indicates any in-

tention of the Legislature to forbid its separate and independent exercise by any of the designated courts or to limit the use of the power to writs of error to the intermediate or the criminal court from the circuit court or to the circuit court from this Court, or to the writ of *habeas corpus*. That the Legislature did not intend or express any such restriction or limitation in the exercise of the power expressly conferred alike upon the courts designated in the statute, and that the statute in its present form was enacted and amended for the purpose of affording a means of granting bail distinct from and in addition to the established and recognized methods of writs of error and *habeas corpus* proceedings, is clearly indicated by the separate and independent existence and use of both these methods long before the statute in its present form was enacted. Independently of the statute, and even if it had never been enacted or if it should be repealed in its entirety, the means of obtaining bail by writ of error or by *habeas corpus,* when bail has been refused by an inferior court, exists, has existed and will continue to exist in this jurisdiction by virtue of statutes other than any provision of Section 6, Article 1, Chapter 62, Code, 1931, as amended, and by virtue of long established and well recognized legal principles. In *Ex parte Hill,* 51 W. Va. 536, 41 S. E. 903, in recognizing the jurisdiction of this Court to grant bail in a *habeas corpus* proceeding the opinion says: "* * * the constitution gives this Court original jurisdiction in *habeas corpus,* and that writ has long been used as a process to obtain bail."

In reverting to the quoted statement from the majority opinion that "The naked power of the circuit courts of the State, and of this Court, to grant bail, *as the statute says they may do,* should not be exercised in such manner as to nullify on mere motion, oral or written, the action of a court of limited jurisdiction having full power to pass upon the question of granting bail.", it is not amiss to pose the inquiry: Why should the power to grant bail, admittedly conferred upon the circuit courts and this Court by the statute, not be exercised as the statute provides with-

out any limitation with respect to prior action by an intermediate or a criminal court, "in such manner as to nullify" such prior action of such court which, under the statute, has only the same and no greater power than the circuit courts and this Court in the matter of granting bail? (Emphasis supplied.) If the Legislature had intended to prevent subsequent action by circuit courts or this Court, by means other than writ of error or *habeas corpus,* in granting bail after its refusal by either of the two designated inferior courts, it could, and no doubt would, have done so by the use of apt and sufficient language to make clear such intent and purpose. Its failure or refusal to do so indicates clearly to me that no such restriction or limitation was intended or desired in the enactment of the statute. The correctness of the view that the statute was intended to confer upon each of the designated courts the power to grant bail in an original proceeding in any one of them independently of any prior action of any of the others and without restriction in that respect is supported by the language of the first three sentences of Section 6, Article 1, Chapter 62 of the Code of 1931, as amended, which empower a justice to grant bail upon specified conditions and impose express limitations upon the exercise of the jurisdiction conferred upon him and the subsequent provision of the same section relating to courts which contains no such limitation as to them. The three sentences referred to are couched in these terms: "A justice may admit to bail a person who is charged with, but not convicted of, an offense not punishable with death. If the offense be punished by confinement in the penitentiary, he shall not admit such person to bail in a sum less than five hundred dollars. *But a justice shall not admit any person to bail if bail has been previously refused to such person by any court or judge;* nor shall any person confined in jail by an order of commitment in which the amount of bail he is to give is specified, or where an order has been made by a court or judge fixing the bail such person is to give, be admitted to bail by a justice in a sum less than is specified in the order." (Emphasis supplied.) The omission of any limi-

tation or restriction upon the courts of the character of that imposed upon a justice, which could have been incorporated in the statute, indicates clearly that refusal of bail by any one of the designated courts should not deprive any of the others of the power to grant bail upon a subsequent original application to it. for bail.

The decisions of this Court in the case of *State ex rel. Baldwin Supply Company* v. *Shepherd, Judge,* 95 W. Va. 335, 121 S. E. 98, and *MacCorkle* v. *Bouchelle,* 132 W. Va. 409, 52 S. E. 2d 233, cited and relied on in the majority opinion, are clearly inapplicable in this proceeding. Those cases merely recognize and apply in civil proceedings the well established general rule that when courts of concurrent jurisdiction are in conflict the court that first obtains jurisdiction of the subject matter and the parties has the exclusive right to hear and determine the case. If the circuit court had assumed jurisdiction to hear and determine the criminal proceeding against the prisoner, pending in the intermediate court, the rule of those cases and other decisions of this Court would apply and be controlling in this proceeding. The circuit court, however, has not attempted, in any manner whatsoever, to exercise jurisdiction in any criminal proceeding in the intermediate court and, as to the judgment of fine and imprisonment in the criminal proceeding which has been tried and concluded in the intermediate court, the circuit court has refused to grant the prisoner a writ of error and his application for a writ of error to its judgment of refusal had been presented to and was not disposed of by this Court when the decision in the case at bar was rendered. Neither has the circuit court, by granting bail to the prisoner, intervened or interfered with the intermediate court in hearing and determining any criminal proceeding against him instituted or pending in that court. Independently of the application of the prisoner to the circuit court for bail, and regardless of its action in that respect, the exclusive jurisdiction of the intermediate court to try all such criminal proceedings remains in full force and effect and entirely unrestricted and unimpaired by

any action of the circuit court. To hold that the circuit court has exceeded its legitimate powers by usurping or interfering with the jurisdiction of the intermediate court is simply to disregard the situation which actually exists. Despite the labored effort of the majority to create and deal with a situation which would justify the application of the rule of the cases last cited, no such situation in reality exists. Notwithstanding the failure or the refusal of the majority to recognize and deal directly with the actual situation, the real issue involved in this proceeding is not whether the circuit court has exercised jurisdiction over any proceeding in the intermediate court but whether its exercise of the jurisdiction expressly conferred upon it by the quoted provision of Section 6, Article 1, Chapter 62, Code, 1931, as amended, to grant bail in an original proceeding which though growing out of and resulting from the criminal proceedings in the intermediate court is separate and distinct from them and from the concluded proceeding in which that court refused the prior application of the prisoner for bail, is valid and should be recognized and sustained.

I am unwilling to concur in a decision which, as does the holding in this case, summarily deprives the Circuit Court of Kanawha County of the jurisdiction expressly conferred upon it by the statute and which, in principle and by statements contained in the majority opinion, denies the power of this Court to admit to bail upon an original application by petition or motion and which also disregards and condemns the previously recognized and well established practice that has long prevailed in this Court of granting bail to a prisoner upon petition or motion when his prior application has been refused by an inferior court in which is pending a criminal proceeding against him. In the face of the statute, to limit the means of obtaining bail from the circuit court and this Court to a writ of error from a prior order of refusal, or to a *habeas corpus* proceeding, is legally unsound as well as practically unwise. The limitation now imposed by this Court will inevitably result in unnecessary additional costs and

unwarranted and inexcusable delay in determining the right of a prisoner to bail in any instance in which his original application has been arbitrarily, or for any reason improperly, denied by an inferior court. It is, moreover, clearly at variance with the policy of the law of this State which requires that an application for bail by anyone held in custody should be heard and determined without delay and with promptness and dispatch.

As already pointed out, the correctness of the action of the circuit court in admitting the prisoner to bail is not in issue and can not be considered or reviewed in this proceeding. Even if it be conceded that the conduct of the prisoner, in violating the condition of his recognizance by leaving this State and remaining in Tennessee until he learned that by extradition he would be brought back to Kanawha County and only then and for that reason decided to return, should call for denial of his application for bail, these facts and circumstances do not affect, impair or abolish the expressly conferred jurisdiction of the circuit court to entertain and grant the motion for bail and did not cause that court, in so acting, to exceed its legitimate powers. At most the action of the circuit court constituted an abuse of its discretion or was erroneous for other reasons, but in any such event its action in that respect can not be reviewed, controlled or corrected in the present proceeding in prohibition. On the contrary all these matters are properly cognizable only in a proceeding for appellate review and not in prohibition. For that reason alone the writ should have been refused in this proceeding.

The holdings of this Court in *Ex parte Hill*, 51 W. Va. 536, 41 S. E. 903, and *Ex parte Doyle*, 62 W. Va. 280, 57 S. E. 824, cited and discussed in the majority opinion, occurred before the statute in its present form was enacted and when the prior statute did not authorize the granting of bail after conviction, and, in consequence, those cases are not controlling of the decisive question or even of much help in the decision of this case. It should be observed, however, that in the *Hill* case, decided under

the earlier statute which did not contain the present provision authorizing bail after conviction, this Court said, in Point 2 of the syllabus, that "Bail may be granted on mere motion in the circuit court under the statute." In the *Doyle* case, also decided before the provision for bail after conviction was incorporated in the present statute, this Court held, in Point 3 of the syllabus, that "A circuit court has power to and should bail after conviction of a misdemeanor pending a writ of error from the judgment; and application must be made to it for bail, before asking a *habeas corpus* of this Court to obtain bail." Both of the above quotations are set forth in the majority opinion and they support my view that, in limiting the means of obtaining bail from a circuit court or this Court, after it has been refused by an inferior court, to writ of error or *habeas corpus,* this Court has adopted an unsound and unwise rule and that the imposition of the limitation is not justified or supported by, but is in fact contrary to, its prior decisions.

As the jurisdiction of the Circuit Court of Kanawha County to grant bail to the prisoner upon his application to that court, notwithstanding the prior refusal of a similar motion by the intermediate court, clearly existed by virtue of the express provision of the statute and as the circuit court, in admitting him to bail, did not, in any respect, exceed its legitimate powers, even if its action was erroneous, I would deny the writ sought by the petitioner and dismiss this proceeding.

Judge Riley joins in the views set forth in this dissent.