# CHARLESTON.

JONES v. MAIN ISLAND CREEK COAL CO.

Submitted September 4, 1918.     Decided September 10, 1918.

APPEAL AND ERROR—*Certificate of Lower Court—Jurisdiction.*

Where a circuit court, on an issue of fact joined on a plea in abatement denying jurisdiction, decides the issue and renders final judgment, this court is not empowered by Sec. 1, Ch. 135, Barnes' Code, to review the question upon the certificate of the lower court.

Case Certified from Circuit Court, Cabell County.

Action by Harry P. Jones against the Main Island Creek Coal Company. On plea in abatement, issue was found in favor of defendant, and question certified to the Supreme Court.

*Dismissed for want of jurisdiction.*

*Simms & Staker,* for plaintiff.
*Campbell, Brown & Davis,* for defendant.

WILLIAMS, JUDGE:

Plaintiff, a resident of Cabell County, sued defendant, a corporation having its principal office and place of business in Logan County, in the circuit court of Cabell County and had process directed to the sheriff of Logan County and there served upon defendant. Defendant appeared and filed a plea in abatement denying jurisdiction, on the ground that its office and place of business are and have always been in Logan County, that none of its officers reside in Cabell County, nor did the cause of action or any part thereof arise in Cabell County. Issue was taken on this plea, and the court, upon an agreed statement of facts, found in favor of defendant, and thereupon declined to entertain the action and dismissed it, without prejudice to the right of plaintiff to institute his suit or action in any other county of the state. On request of the parties the court has certified "the questions of law and facts arising upon the plea in abatement filed herein and the special and general replications filed herein and upon the issue joined and agreed statement of facts on said pleadings," to this court for its decision.

No question is here presented as to the sufficiency of the summons or the return thereon or the sufficiency of a pleading, and it is only in such case that the statute confers jurisdiction on this court to review, upon certificate, the question decided by the lower court. See section 1, chapter 135, Barnes' Code. The question which we are asked to review arises on the facts. It is as to whether the evidence, as shown by the agreed statement of facts, supports the plea in abatement, not whether the plea itself is sufficient in law. The court below found for defendant on the issue of fact, and entered a final judgment dismissing the case for want of jurisdiction. We have no jurisdiction to review that finding of the circuit court except upon writ of error. See *City of Wheeling* v. *Chesapeake & Potomac Telephone Co.*, 81 W. Va. 438, 94 S. E. 511.

For want of jurisdiction, we decline to pass upon the question.

*Dismissed for want of jurisdiction.*