# CHARLESTON.

CADWELL C. TYLER *v.* C. M. WETZEL *et al.*

Submitted January 14, 1920.   Decided January 20, 1920.

1.  APPEAL AND ERROR—*Certification of Questions Raised by Motion Cannot be Offered as Pleading.*

    The last paragraph of sec. 1 of ch. 135 of the Code does not authorize certification of questions raised by a motion interposed as or for a pleading, or as a substitute therefor.   (p. 380).

2.  SAME—*Order Granting or Denying Relief Upon Pleadings or Process Cannot be Certified.*

    Nor can an order either granting or denying relief to any party upon pleadings or process, whether interlocutory or final, be certified for review under said statute.   (p. 380).

3.  SAME—*Jurisdiction on Certified Questions Limited.*

    Under it, the jurisdiction of the appellate court is limited to questions arising solely upon the face of a summons, a return of service or a pleading, or, in the latter case, the faces of the pleading attacked and other pleadings to which it responds.   (p. 380).

4.  SAME—*Motion to Quash Summons for Matter Not on Face Not to be Certified.*

    Questions raised by a motion made in a chancery suit, to quash the summons and the return thereon, on the ground of unwarranted direction of the former to the sheriff of a county other than that in which the suit was brought and invalidity of service in such other county because of such direction, are not within the scope of the statute and decisions thereof cannot be reviewed upon a certificate.   The motion is based upon the bill as well as the process and is made as a substitute for a plea in abatement.   (p. 380).

5.  SAME—*Ruling on Motion to Quash Summons Not Reviewable on Certificate.*

    Nor can the appellate court review upon a certificate, a ruling or expression of opinion, made or given in the disposition of such a motion and recited in the order disposing of it, to the effect that a part of the subject matter of the bill, or what is deemed a second cause of action stated in it, is not within the jurisdiction of the court entering the order.   (p. 381).

Certified Questions from Circuit Court, Jefferson County.

Suit by Cadwell C. Tyler, against C. M. Wetzel and others,

to cancel a release of a mortgage and to foreclose the mortgage. Question raised and decided by motion denominated a motion to quash the summons and return of service founded upon the bill as well as upon the process certified.

*Question certified dismissed.*

*J. M. Mason, Jr.,* for plaintiff.

*Brown & Brown,* for defendants.

POFFENBARGER, JUDGE:

The question decided and certified was raised by a motion denominated a motion to quash the summons and return of service in a chancery suit instituted for the purpose of effecting cancellation of a release of a mortgage and obtaining a decree of foreclosure thereof, though it was founded upon the bill as well as upon the process, as the orders and the court's rulings disclose.

It was based upon the theory of unauthorized and illegal direction of the process to the sheriff of a county other than that in which the suit was brought and consequent illegal service in such other county. This ground was not disclosed by the summons alone, however, for process may be so directed under some circumstances. To make its disclosure complete, the bill had to be included and considered. As originally filed, the latter paper did not allege that the mortgaged land was in Jefferson County in which the suit was instituted. The process went to Wood County and was executed there. In this state of the case, the motion made on a special appearance, was sustained; but, by leave of the court, the bill was amended so as to show that the land was in the former county. Then the motion was renewed and the court overruled it. On the second motion, if not also on the first, another feature of the bill seems to have been relied upon, a demand for settlement of a partnership between the plaintiff and one of the defendants, which is alleged to have been connected with the mortgage and release, by means of a diversion of partnership funds to payment of the mortgage debt and procurement of the release. Deeming this part of the bill to be an assertion of a separate and additional cause of action not within its jurisdiction, because the defendants resided or were served in another county, the court treated it as surplusage.

Under the statute authorizing certification of decisions upon certain kinds of interlocutory orders, the questions raised by the motion and so decided by the court cannot be reviewed here on the certificate. They relate to venue and jurisdiction, dependent upon the process, the pleadings and, when the motion was originally made, upon matter *dehors* the record, as well as the sufficiency of a bill. In a certified case disposed of contemporaneously with this one, it is held that, under this statute, a decision upon the legal effect of mere conduct, such as an appearance or the legal equivalent thereof, cannot be reviewed upon a certificate. *Smith* v. *Thompson.* Under it, this court cannot go beyond the face of the paper challenged, whether it be a summons, return of service or a pleading and others to which it should be responsive, in the case of a pleading. It was not the legislative purpose in its enactment, to authorize review of all kinds of interlocutory orders, nor of any except those indicated by the terms of the statute. They are clear, distinct and limited to the sufficiency of certain papers, the summons, return and any pleading, not the merits of the case for interlocutory or final orders. Neither a grant nor a denial of relief can be reviewed under it. *City of Wheeling* v. *C. & P. Tel. Co.,* 81 W. Va. 438. Every question coming up under it must arise upon a single paper in the case and be limited to it, except in the case of a pleading that must be responsive to another, such as a plea or answer. This is the clear import of the terms of the statute, and to go beyond them would result in complete and chaotic derangement of our practice.

As understood, entertained and disposed of by the court, the motion was founded not on the summons nor the return, but on both and the bill. Our review of the decision as being one based on the summons or the return, would be a clear departure from the question actually decided and certified. No such decision was either rendered or certified, and what has been decided and certified lies clearly beyond the scope of the statute and must take its course under general law authorizing correction of unappealable orders, by the courts entering them, or come into this court by an appeal from an appealable decree or order into which it may be carried, if it is to be reviewed here.

If the defendants had tendered a plea in abatement raising

the question of venue or jurisdiction and obtained a ruling of the court below upon it, the decision of that question could have been properly certified. Whether the question can be raised by motion is not a proper inquiry here. The statute does not authorize certification of decisions of questions raised by motions interposed for pleadings or in lieu of pleadings. It may be too late to file a plea in abatement and any appearance other than the one made might be a submission to the jurisdiction of the court, but these results cannot enlarge the statutory jurisdiction of this court. It is not responsible for any delay or oversight of the parties, effecting waivers of rights.

The expression of the court's opinion that the subject matter of part of the bill is not within its jurisdiction, is not a direct ruling upon the question of the sufficiency of the bill. It is a mere incident of the decision upon the motion and relates to jurisdiction, not process nor pleading. By their motion, the defendants denied the court's jurisdiction of any part of the subject matter of the bill and of themselves, and still do so. They have not attacked the bill by a demurrer so as to test its sufficiency as a pleading, wherefore the court below cannot be deemed to have had that question before it nor to have decided it, in the true sense of the terms. It is impossible to determine from the face of the order entered, whether the part of the bill relating to the partnership is wholly excluded or not. The court may, notwithstanding the expression of opinion referred to, deem it proper to inquire upon the bill whether the mortgage debt was paid off with plaintiff's own money taken from partnership funds, and, if so, cancel the release and decree foreclosure of the mortgage, without settlement of the partnership affairs in full. The order does not define the status of that part of the bill or the bill considered in its entirety, in such manner as to disclose what inquiries, in the opinion of the court below, may be conducted upon it or what relief granted.

For the reasons stated, the court cannot take cognizance of the questions the court below has attempted to certify for review, and an order will be entered declining to take jurisdiction thereof.

*Question certified dismissed.*