STATE OF WEST VIRGINIA *v.* WEBB HOLESAPPLE

(CC 521)

Submitted January 15, 1935. Decided January 22, 1935.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

*M. F. Matheny,* for defendant.

WOODS, JUDGE:

Webb Holesapple upon arraignment before the intermediate court of Kanawha county on a charge of the larceny of two diamond bracelets of the value of $14,000, tendered and filed a special plea, in which he set up a former acquittal in the circuit court of Greenbrier county of the alleged offense, as evidenced by a certified copy of the latter court's final order, incorporated in said plea. A demurrer to the special plea was overruled. Thereupon the State, according to the order of the intermediate court, filed its replication to said plea and said court "after hearing argument of counsel upon said special plea and upon said replication," found "that the defendant, Webb Holesapple, should not be further prosecuted * * * upon the indictment now pending against him for the reason that he was formerly acquitted for the same offense in the circuit court of Greenbrier county, it having been stipulated * * * that the property alleged to have been stolen in each indictment is one and the same property." This order recited further that, at the State's request, the correctness of the court's rulings on the demurrer to the special plea, and "its decision in finding for the defendant on said plea" were thereby certified to the circuit court. The latter, after affirming the action of the intermediate court, certified the questions to this Court.

Is this matter reviewable on certificate? It will be noted that the proceeding did not stop with the overruling of the demurrer to the special plea. The State filed a special replication, certain facts were stipulated, and the court, after hearing counsel thereon, made a specific finding that the defendant had been formerly acquitted in Greenbrier county of the offense for which he was being held in Kanawha county, and should not be further prosecuted therefor. This action of the court was more than a mere expression on the sufficiency of a pleading—that if the defendant established the facts set up in his plea he may be entitled to be discharged and go without day. It was a finding of fact—an adjudication—on the issues raised. This Court has repeatedly held that it is without jurisdiction to review on certificate a ruling on a pleading,

where the principles of the case have been adjudicated. *Central Trust Co.* v. *Green,* 98 W. Va. 200, 127 S. E. 32; *Jones* v. *Main Island Creek Coal Co.,* 82 W. Va. 506, 96 S. E. 797.

The proceeding is accordingly dismissed as improvidently docketed.

*Dismissed.*