NAOMI CHRISMAN BAKER *v.* N. B. HENDRIX

(CC 667)

Submitted September 7, 1943. Decided October 5, 1943.

*Charles G. Gain* and *E. L. Luttrell,* for plaintiff.
*Emmert, Rice & Hannis,* for defendant.

RILEY, PRESIDENT:

In this action of trespass on the case, instituted in the Circuit Court of Berkeley County against N. S. Hendrix, Naomi Chrisman Baker seeks to recover damages for an alleged malpractice. To defendant's plea of the statute of limitations that the alleged cause of action did not accrue within one year next before the commencement of the action, plaintiff replied specially, alleging, in effect, lack of both knowledge and means thereof, of defendant's alleged wrongdoing, by reason of defendant's alleged fraud and concealment. The circuit court sustained the demurrer to plaintiff's replication and certified its ruling here.

According to the allegations of the declaration, defendant, a physician and surgeon practicing in the City of Martinsburg, on January 7, 1935, performed an appendectomy upon plaintiff, during which he failed to remove a sponge or gauze which defendant had intentionally placed there. Following her discharge from the hospital by defendant, who allegedly then knew that the sponge or gauze was in her abdomen, plaintiff continued to experience great physical pain and developed an enlargement of the abdomen. On January 9, 1942, a physician, other than defendant, operated upon plaintiff and discovered and removed the sponge or gauze. The gravamen of plaintiff's declaration is that having intentionally placed the sponge or gauze in the incision and having intentionally kept it there, defendant, "* * * disregarding his relations and duties to this plaintiff, knowingly, wilfully

and fraudulently concealed from plaintiff the presence of the aforesaid sponge or gauze, the presence of the large abscess so formed about said sponge or gauze and that he likewise knowingly, wilfully and fraudulently concealed from plaintiff, at the time she was in the aforesaid hospital and at the time she was discharged by said defendant from said hospital, the presence of said sponge or gauze and, in fact, from the date of the aforesaid operation until the 9th day of January, 1942, * * * the said defendant, at all times, knowingly, wilfully and fraudulently concealed from plaintiff the presence of said sponge or gauze and the reason for the suffering resulting from its presence; * * *", and about two years from the date of the operation, had defendant examine her, inquiring if her condition could have resulted from "what was done or not done at the time" of the appendectomy, but defendant told her that her "troubles were imaginary".

The replication to the plea of the statute of limitations, though repetitious of the allegations of the declaration, must be examined because the certificate of the trial court questions the propriety of sustaining a demurrer thereto. In the replication plaintiff, alleging that she had no knowledge or means thereof, of a right of action against defendant until January, 1942, avers that during all of the time from January 7, 1935, to January, 1942, she made diligent inquiries of defendant and other competent physicians for the purpose of informing herself as to the cause of her continuous suffering; that defendant, by intentional and deliberate fraud, perpetrated upon plaintiff, actively concealed from her the fact of the presence of the sponge in her body, thereby preventing her from acquiring the knowledge necessary to become informed of her right of action against defendant; and that it was not until after an operation in January, 1942, by a physician other than defendant, in the course of which the sponge or gauze was removed, that she learned of its presence in her body and of her right of action.

From the writ, made a part of the record by oyer, it appears that this action was instituted on June 11, 1942,

within one year following the date upon which plaintiff alleges in her replication she first learned of the presence of the sponge or gauze in her body.

Being for personal injuries, this action does not survive. Under Code, 55-2-12, such action "shall be brought within one year next after the right to bring the same shall have accrued, and not thereafter," and the period of limitation is not enlarged or the operation of the statute suspended in the absence of fraud or an affirmative act on the part of the wrongdoer which is intended to and does conceal the wrong. *Scott* v. *Rinehart & Dennis Co., Inc.,* 116 W. Va. 319, pt. 1 syl., 180 S. E. 276; *Boyd* v. *Beebe,* 64 W. Va. 216, pt. 2 syl., 61 S. E. 304, 17 L. R. A., N. S., 660; *Thompson* v. *Whitaker Iron Co.,* 41 W. Va. 574, pt. 8 syl., 23 S. E. 795; *Merchants' National Bank of W. Va.* v. *Spates,* 41 W. Va. 27, 23 S. E. 681. Mere silence by the guilty party is not such concealment as will prevent the running of the statute of limitations. 2 Wood on Limitations (4th ed.) page 1422. This rule has been applied in malpractice cases in which the basis of recovery was the alleged negligence and not the intentional act of a surgeon in leaving a sponge in a patient's body. *Pickett* v. *Aglinsky,* 110 F. 2d 628; *Brown* v. *Grinstead,* 212 Mo. App. 533, 252 S. W. 973. Judge Parker's opinion in the *Pickett* case contains an excellent discussion of the West Virginia cases dealing with the application of Code, 55-2-12. It follows that the plea of the statute of limitations interposed by the defendant will bar plaintiff's right to recovery unless the replication under consideration is sufficient to avoid the application of the statute.

Plaintiff relies upon Code, 52-2-17, which provides in part: "Where any such right as is mentioned in this article [Code, 55-2] shall accrue against a person who had before resided in this State, if such person shall, by departing without the same, or by absconding or concealing himself, *or by any other indirect ways or means,* obstruct the prosecution of such right, * * * the time that such obstruction may have continued shall not be computed as any part of the time within which the said right

might or ought to have been prosecuted." (Italics supplied). Application of the statute is found in the following cases: *Robertson* v. *Campbell,* 117 W. Va. 576, 186 S. E. 310; *Cameron* v. *Cameron,* 111 W. Va. 375, pt. 3 syl., 162 S. E. 173; *Teter* v. *Moore,* 80 W. Va. 443, 93 S. E. 342; *Abell* v. *Penn Mutual Ins. Co.,* 18 W. Va. 400. In the *Cameron* case, this Court held: "Under chapter 104, section 18, Code 1923 (55-2-17) the statute of limitations is suspended during such time as the party in default by fraud or other indirect ways or means obstructs the prosecution of a right of action".

The trial court states, in its written opinion, that "If the plaintiff would avoid the running of the statute, she should allege and be prepared to prove specific acts of fraud and concealment. It is evident that the allegations made are merely colorable". With all deference we suggest that on this certificate we are merely appraising a replication, and good pleading does not require the allegation of evidence. A replication in avoidance of the application of the statute of limitations which sets forth defendant's obstruction to plaintiff's right of action need not be in minute detail. In *Abell* v. *Penn Mutual Life Ins. Co., supra,* this Court held that a replication which, in general language, states that the defendant by assurances of settlement, adjustment and renewal of a policy made with intent to mislead and defeat plaintiff's right of action, is sufficient, though the particular assurances of settlement or the terms of adjustment are not stated therein. But, in the instant case, the learned trial court in its opinion further states that "the allegations of the declaration show that the defendant has done nothing to injure plaintiff or conceal his conduct complained of, since 1937, except to remain silent". How more fully, it may well be asked, could plaintiff have alleged fraud or concealment of an alleged wrongdoing? The replication charges that defendant closed the incision, knowing that the sponge or gauze remained within the plaintiff's body. Silence in the face of such alleged affirmative act of wrongdoing, and the inquiries which plaintiff avers she made from the time of her first operation until the sponge or gauze was re-

moved, served to obstruct plaintiff in her right of recovery, and constitute active fraud and concealment within the meaning of the statute (Code, 55-2-17).

Necessarily this Court is not now concerned with the difficulty which plaintiff may encounter on trial in establishing defendant's knowledge of the presence of the sponge or gauze in the incision when it was closed. The only inquiry on this certificate is the sufficiency of the replication, which, we think, is good upon demurrer.

For these reasons the ruling of the trial court is reversed.

*Ruling reversed.*