BETTY JOYCE SAGE

*v.*

DAVID D. BOYD

(CC 856)

Submitted April 13, 1960.                Decided May 4, 1960.

198

*Harry J. Capehart, Jr.*, for plaintiff.

*Crockett, Tutwiler & Crockett, Charles A. Tutwiler*, for defendant.

BERRY, JUDGE:

This is a certified case from the Circuit Court of McDowell County, having been certified to this Court by the Circuit Court on its own motion on the sufficiency of a special plea filed by the defendant setting up the statute of limitations to the plaintiff's cause of action.

The cause of action involved in this case arose out of an automobile accident which occurred in the City of Welch, McDowell County, on June 28, 1958. On June 11, 1959, the plaintiff, Betty Joyce Sage, instituted an action of trespass on the case against David Douglas as defendant. Process was returnable to the July, 1959 rules, but no service was had on the said David Douglas, and the summons was returned to the office of the Clerk of the Circuit Court of McDowell County by the sheriff of said county on

June 24, 1959, with the return "Not Found in My Bailiwick" dated June 23, 1959. Upon motion of the plaintiff an order was entered by the Circuit Court allowing the plaintiff to amend the summons and all pleadings by changing the defendant's name from David Douglas to that of David D. Boyd. The cause was remanded to rules and the Clerk of said Court was ordered to issue process returnable to the August, 1959 rules. The papers certified to this Court fail to disclose what disposition was made of the summons issued by the Clerk returnable to the August, 1959 rules. However, a summons was issued by the Clerk for David D. Boyd on September 3, 1959, returnable to the September, 1959 rules, and this summons was served by the sheriff on David D. Boyd in person on September 4, 1959.

The defendant, David D. Boyd, filed a plea of the statute of limitations and a special plea marked "Special Plea No. 1", setting up the same matter of limitations with the different names and dates set out in detail, as well as other matters dealing with the motion for amendment to the declaration not being supported by affidavit, as required by Code, 56-4-29. To this special plea the plaintiff filed a demurrer in writing stating that the plea was not sufficient in law but the reasons given in said demurrer call for proof of the matters alleged by defendant. The reasons listed in the demurrer are that David Douglas and David D. Boyd are the same person, that the defendant willfully misled the plaintiff with regard to his name and the suit was instituted against David D. Boyd within one year from the date the cause of action arose.

The Circuit Court overruled the demurrer filed by the plaintiff and certified the question as to whether or not the overruling of the demurrer to the special plea was proper.

It is true that if the right party is before the court, although under a wrong name, and there is no change

in the cause of action originally stated, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations, because such amendment relates back to the institution of the original action. 39 Am. Jur., Parties, Section 124; *Jacobson v. Southern Biscuit Company,* 198 Va. 813, 97 S.E.2d 1; 124 A.L.R. Anno., Amendment by Correcting Name, 86 et seq. The defendant in his Special Plea No. 1 questions the amendment because no affidavit was filed to support the amendment, as required by Code 56-4-29. This provision of the Code applies only to misnomers and provides that either party in such cases may, on motion and affidavit of the correct name, have the declaration amended. This statute was placed in the Code to abolish pleas in abatement for a misnomer and applies where there has been service of process or appearance by the defendant. At the time the motion was made by the plaintiff to amend his declaration and summons there had been no service of process or appearance, and under the provisions of Code, 56-4-24, the plaintiff could amend the declaration as a matter of right before the appearance of the defendant. If the wrong party is sued, the declaration and summons cannot be amended to bring in a new or different party after the statute of limitations has run. *Baker v. Tormey,* 209 Wisc. 627, 245 N.W. 652. However, in the *Tormey* case the plaintiff sued Thomas W. Tormey, Jr. and after the statute had run asked leave to amend the name of the defendant to Weston Tormey, a brother of Thomas W. Tormey, Jr. The court correctly held that the institution of an action against one person did not arrest the running of the statute of limitations with respect to the action against another. This principle is stated in *Hoge v. Blair,* 105 W.Va. 29, 34, 141 S.E. 444, wherein this Court said: ''The general rule is well settled that where new parties are brought in by amendment, the statute of limitations continues to run in their favor until thus made parties.'' An action at law or suit in equity dates from the issuance of the summons, not from

its service. Code, 56-3-4; *Blowpipe Co. v. Spencer,* 46 W.Va. 590, 33 S.E. 342.

The defendant's demurrer in this certified case admits all facts well pleaded. It only tests the sufficiency of the pleading and cannot be used where a question of fact is involved or proof is to be taken. 6 Michie's Jurisprudence, Demurrers, Section 23; Code, 56-4-36.

It would appear from the defendant's Special Plea No. 1 that David Douglas and David D. Boyd are not the same person and that the statute of limitations dealing with this cause of action has run against the defendant, David D. Boyd. Therefore, the demurrer to the Special Plea No. 1 was properly overruled. However, from the contents of the reasons assigned in the demurrer, it would appear that David Douglas and David D. Boyd are one and the same person, but this would require proof and should be pleaded by proper special replication. 14 M.J., Pleading, Section 55, page 501; Hogg's Pleading and Forms, 4th Edition, Section 335, page 316; *Abell v. Penn Mutual Life Ins. Co.,* 18 W.Va. 400; *Baker v. Hendrix,* 126 W.Va. 37, 27 S.E.2d 275.

It is true that Code, 56-4-39, provides that the plaintiff may demur, and in addition plead as many special replications as is deemed necessary to any special plea pleaded by a defendant, but the pleading of a special replication would require proof and this Court has no jurisdiction to review on certification any pleading which it is necessary to dispose of by proof, under the provisions of Code, 58-5-2. *State v. Holesapple,* 116 W.Va. 19, 178 S.E. 280; *State v. Miller,* 145 W. Va. 59, 112 S.E.2d 472, (Decided by this Court February 9, 1960).

Inasmuch as this Court is without jurisdiction to decide a certified case dealing with the pleading where it is necessary to take proof such as is indicated in this case, the ruling of the Circuit Court overruling the plaintiff's demurrer to defendant's Special Plea

was proper in this proceeding and will be affirmed, with leave to the plaintiff to file a proper special replication to the defendant's Special Plea, affording him the opportunity to present proof to determine whether or not David Douglas and David D. Boyd are one and the same person.

*Ruling affirmed.*