CAROL ANN SMITH, INFANT, ETC.

*v.*

ERNEST E. WINTERS, JUDGE, ETC.

(CC 862)

Submitted January 23, 1962. Decided March 6, 1962.

*Quinlan, Nelson & Williamson, H. G. Williamson,* for plaintiff.

*C. Donald Robertson, Attorney General, Andrew J. Goodwin, Assistant Attorney General,* for defendant.

BERRY JUDGE:

Carol Ann Smith, age 14, was indicted by the grand jury of the Common Pleas Court of Cabell County, West Virginia, at the February, 1961, term for the murder of her father. The case was set for trial in the Common Pleas Court on March 20, 1961, at which time the prosecuting attorney of Cabell County announced to the court that he would not seek a conviction of murder in the first degree, and would not ask for the death penalty. Counsel for the defendant then moved that the case be remanded or transferred to the Juvenile Court of Cabell County, West Virginia, on the grounds that by virtue of the statement made by the prosecuting attorney the offense was no longer capital, and that the Juvenile Court had exclusive jurisdiction of such cases, under authority of Code, 49-5-3, as amended, because of the defendant's age.

The motion was overruled by the Common Pleas Court, and on the same day, March 20, 1961, counsel for the defendant then filed a petition for a writ of prohibition and a complaint for an injunction in the Circuit Court of Cabell County. A rule to show cause why the Judge of the Common Pleas Court should not be prohibited from proceeding with the trial of the case and a temporary injunction were issued by the Circuit Court of Cabell County enjoining the Judge of the Common Pleas Court from proceeding further with the hearing of the case.

The complaint praying for an injunction was set down for a hearing for a permanent injunction on March 31, 1961, and the rule to show cause with regard to the awarding of the prohibition proceeding against the Judge of the Common Pleas Court was returnable March 31, 1961.

A motion to dismiss the complaint for an injunction was filed by the defendant, the Judge of the Common Pleas Court of Cabell County, and a joint and separate demurrer was filed by the respondents, the Judge of the Common Pleas Court and the prosecuting attorney of Cabell County in the prohibition proceeding. All of the papers or pleadings in connection with this case filed in the Circuit Court of Cabell County were placed together and styled "Civil Action 6555".

On June 23, 1961, the motion to dismiss the complaint praying for an injunction was overruled, the preliminary injunction theretofore awarded by the Circuit Court of Cabell County was made permanent, and the peremptory writ of prohibition prayed for was granted, after overruling the demurrer to the petition in prohibition. In the orders granting the permanent injunction and the writ of prohibition, the Circuit Court answered questions set out therein to the effect that an injunction could be awarded by it enjoining the Common Pleas Court from proceeding with the trying of this case and that a writ of prohibition could be awarded by it prohibiting the court from proceeding with the trial of the case, because counsel for the state disclosed that a conviction of murder in the first degree would not be sought and because the Common Pleas Court did not require that the jury be kept together during a noon recess, and that the case should be transferred to the Juvenile Court of Cabell County. The Circuit Court then ordered that said questions be certified to the Supreme Court of Appeals under provisions of Code, 58-5-2.

The certificates signed by the Judge of the Circuit Court of Cabell County, in each case, attempt to certify the questions of whether or not the writ of prohibition could be awarded in this case and to certify the second question with regard to the separation of the jury heretofore referred to, all of which was done on June 23, 1961, although it is indicated in the certificates that it was desired to certify both the injunction proceeding and the prohibition proceeding.

On October 30, 1961, this Court docketed the case for hearing, and it was submitted to this Court for decision on argument and briefs January 23, 1962.

All of the proceedings and disposition thereon in the Circuit Court of Cabell County in connection with this case were not proper in any respect. In the first place, even if there were merit to the contention of the attorneys for the defendant, there was absolutely no need to file both a complaint for an injunction and a petition for a writ of prohibition against the Judge of the Common Pleas Court of Cabell County.

In a proper case a proceeding in prohibition can, by order, suspend the proceedings sought to be prohibited until the final decision in the cause. Code, 53-1-9.

Then, too, in a case properly certified to this Court, the proceedings are stayed until the decision is certified back. Code, 58-5-2; *Van Gilder v. Morgantown,* 136 W. Va. 831, 68 S. E. 2d 746. In any event, the proceeding for injunction was not proper and should have been promptly dismissed. *State v. Fredlock,* 52 W. Va. 232, 43 S. E. 153; *McGrew v. Maxwell,* 80 W. Va. 718, 94 S. E. 395; *MacCorkle v. Bouchelle,* 132 W. Va. 409, 52 S. E. 2d 233.

The second question with regard to the separating of the jury attempted to be certified had nothing to do with the pleading and was not a proper matter for certification, under Code, 58-5-2. *Van Gilder v. Morgantown, supra.* Such matter only deals with an alleged error which can be disposed of upon an appeal or writ of error, and even then it has been held not to be an invariably fatal error in a capital case. *State v. Cook,* 69 W. Va. 717, 72 S. E. 1025; *State v. Barker,* 92 W. Va. 583, 115 S. E. 421; *State v. Muncey,* 102 W. Va. 462, 135 S. E. 594; *Powell v. Commonwealth,* 182 Va. 327, 28 S. E. 2d 687. Prohibition lies only where a court does not have jurisdiction, or, having jurisdiction, has exceeded its legitimate power. Code, 53-1-1; *Smith Corp. v. Dailey,* 136 W. Va. 380, 67 S. E. 2d 523. The Common Pleas Court of Cabell County has concurrent juris-

diction with the Circuit Court of Cabell County in criminal cases, by virtue of Chapter 28, Acts of the Legislature, 1893, Regular Session, and Chapter 90, Acts of the Legislature, 1917, Regular Session. See *Ex Parte Bracey*, 82 W. Va. 69, 95 S. E. 593. It therefore had jurisdiction of the subject matter and the parties, and had not exceeded its legitimate power. *Smith Corp. v. Dailey, supra.*

Where two courts have concurrent jurisdiction over the subject matter, the court first taking jurisdiction has the exclusive right to entertain and exercise such jurisdiction to the final determination of the case, and the other court is without jurisdiction or authority to interrupt or interfere with the proceedings of the court first taking jurisdiction. *State v. Fredlock,* 52 W. Va. 232, 43 S. E. 153; *Ex Parte Page,* 77 W. Va. 467, 87 S. E. 849; *McGrew v. Maxwell,* 80 W. Va. 718, 94 S. E. 395; *Village of Barboursville v. Hereford,* 133 W. Va. 375, 56 S. E. 2d 206; *State v. Bouchelle,* 134 W. Va. 34, 61 S. E. 2d 232; *Gaymont Fuel Co. v. Price,* 135 W. Va. 785, 65 S. E. 2d 393. The proper method for a superior court to exercise supervision over an inferior court in such cases is by writ of error or appeal. *County Court of Wood Co. v. Boreman, Judge,* 34 W. Va. 362, 12 S. E. 490; *MacCorkle v. Bouchelle,* 132 W. Va. 409, 52 S. E. 2d 233; *State v. Bouchelle,* 134 W. Va. 34, 61 S. E. 2d 232.

The offense charged against the defendant Carol Ann Smith was a capital offense and juvenile courts do not have jurisdiction of such a case. Code, 49-5-3, as amended.

The mere fact that the prosecuting attorney stated he was not going to ask for the death penalty did not change the offense. The grand jury indicted the defendant for a capital offense and the petit jury has the authority, under the statute and decided cases relating thereto, to determine whether or not the case is capital from the evidence introduced in the trial of the case. Code, 62-3-15. 5 M.J., Criminal Procedure,

§ § 50, 80; *State v. Harr,* 38 W. Va. 58, 17 S. E. 794; *State ex rel. Chafin v. Bailey,* 106 W. Va. 32, 144 S. E. 574; *State ex rel Hinkle v. Skeen,* 138 W. Va. 116, 75 S. E. 2d 223; *State v. Dabon,* 162 La. 1075, 111 So. 461.

If proof is taken, or required, in connection with the pleading, the matter is not certifiable. *State v. Holesapple,* 116 W. Va. 19, 178 S. E. 280; *Sage v. Boyd,* 145 W. Va. 197, 113 S. E. 2d 836.

The Circuit Court of Cabell County exceeded its legitimate power in attempting to restrain and enjoin the Court of Common Pleas of Cabell County from hearing this case, which it clearly has jurisdiction to hear, and prohibition will not lie in such a case. *County Court of Wood Co. v. Boreman, Judge,* 34 W. Va. 362, 12 S. E. 490; *McGrew v. Maxwell,* 80 W. Va. 718, 94 S. E. 395; *Cunard Steamship Co. Ltd. v. Hudson,* 93 W. Va. 209, 116 S. E. 511; *MacCorkle v. Bouchelle,* 132 W. Va. 409, 52 S. E. 2d 233.

The orders entered by the Circuit Court on June 23, 1961, attempting to certify questions to this Court, under provisions of Code, 58-5-2, rendered final judgments by granting a permanent injunction and a writ of prohibition. Where this is done certification cannot be used, and the remedy is by appeal or writ of error. *Tyler v. Wetzel,* 85 W. Va. 378, 101 S. E. 726; *Heater v. Lloyd,* 85 W. Va. 570, 102 S. E. 228; *State v. Holesapple,* 116 W. Va. 19, 178 S. E. 280; *State v. Jackson,* 145 W. Va. 51, 112 S. E. 2d 452.

After a thorough study of the pleadings and orders filed herein, which tended for confusion because of the manner in which they were handled in the Circuit Court of Cabell County, it is obvious that this case should not have been certified and was improvidently docketed by this Court. It is therefore dismissed.

*Dismissed.*