MARLENE NICHOLAS, *Plaintiff*

*v.*

NICHOLAS K. NICHOLAS, *Defendant*

(CC 876)

Submitted September 24, 1968.    Decided October 29, 1968.

*Kenneth L. Coghill,* for plaintiff.

*Thomas E. Pettigrew,* for defendant.

HAYMOND, JUDGE:

In this civil action pending in the Circuit Court of Logan County, West Virginia, the plaintiff, Marlene Nicholas, seeks a divorce from the defendant, Nicholas K. Nicholas, on the grounds of desertion and cruel and inhuman treatment. The defendant, appearing specially, filed a motion in writing, on August 1, 1964, to dismiss the action on the ground that the circuit court was without jurisdiction to entertain or hear such action. The motion was made pursuant to Rule 12 (b) of the West Virginia Rules of Civil Procedure. That rule provides, in part, that the defenses of lack of jurisdiction of the subject matter, lack of jurisdiction of the person, and improper venue may be made by motion. On August 11, 1964, the plaintiff filed her answer to the motion of the defendant, denying its allegations and moved the circuit court for a hearing upon the motion. Nothing was done by either party to expedite the prosecution of the action to final judgment and no proceedings were had until after the defendant was served in Kanawha County on March 28, 1967, with a deposition notice by the plaintiff.

On April 11, 1967, the circuit court held a hearing upon the defendant's motion to dismiss the action, at which the defendant testified with respect to a divorce proceeding instituted by him on July 6, 1964, in the District Court of the Eighth Judicial District of the State of Nevada and introduced certified copies of the complaint filed by him as the plaintiff against Marlene Nicholas as the defendant, the summons and the return of service of such summons upon Marlene Nicholas in Logan County, West Virginia, on July 14, 1964, and the final judgment rendered by the

district court in that action on August 4, 1964, which granted the plaintiff, Nicholas K. Nicholas, an absolute divorce from the defendant, Marlene Nicholas, dissolved the bonds of matrimony previously existing between them, and restored each of the parties to the status of a single person.

The final decree recited that the defendant, Marlene Nicholas, was personally served with process on July 14, 1964 and made no appearance in the action; that the evidence submitted by the plaintiff, Nicholas K. Nicholas, established full proof of the allegations of his complaint; that he was entitled to a divorce from the defendant; that he had been and was a bona fide and actual resident and domiciliary of the State of Nevada for more than six weeks prior to the date of the verification of his complaint; that the court had jurisdiction of the action; that the parties had lived separate and apart without cohabitation for more than three years immediately preceding the commencement of the action; and that upon all the issues the court found in favor of the plaintiff and against the defendant in that action. The Nevada court required the plaintiff, Nicholas K. Nicholas, to contribute to the support of the infant child of the marriage and retained jurisdiction of the action for the purpose of making such other and further orders as might be just and proper for the support and maintenance of such minor child.

The defendant, Nicholas K. Nicholas, was the only witness who gave testimony at the hearing in the Circuit Court of Logan County, West Virginia, on April 11, 1967, concerning his residence in Nevada and his testimony on that subject was not contradicted by any evidence introduced by or in behalf of the plaintiff, Marlene Nicholas. The defendant testified, in effect, that after the divorce proceeding instituted by him in Kanawha County, West Virginia, sometime during the year 1962, had been dismissed on the ground that the court did not have jurisdiction of the action, he left Kanawha County, West Virginia, on May 2, 1964 and arrived in Las Vegas, Nevada, on May 5, 1964; that upon his arrival he consulted an attorney with respect to a divorce in Nevada and caused notice to be given to his wife, Marlene Nicholas, that he intended to institute

an action for divorce in that state; that he came to Nevada with the intention of residing there permanently; that he resided in Nevada for three years less two months after his arrival on May 5, 1964; that when he left Kanawha County, West Virginia, he had employment there which he did not terminate by notice to his employer until about two months after he arrived in Nevada; that he obtained employment in Nevada after he had been there for a period of twenty to thirty days and that he continued to be employed in Nevada during his residence in that state continuously from May 5, 1964 until he left Nevada after residing there for approximately two years and ten months, and that during his residence in Nevada he was absent from that state for only one day to go to California to meet his sister and bring her to Nevada with him.

Upon the foregoing evidence the circuit court denied the defendant's motion to dismiss and held that the District Court of the Eighth Judicial District of the State of Nevada did not have jurisdiction to enter its judgment of August 4, 1964; that such decree was not entitled to full faith and credit but was void and of no force and effect in this State; and found that the defendant was not a resident of the State of Nevada for a period of six weeks preceding the commencement of his action in that state which was necessary to give the court of that state jurisdiction of an action for divorce.

By certificate dated February 17, 1968, the circuit court, under the provisions of Section 2, Article 5, Chapter 58, Code, 1931, as amended by Chapter 17, Acts of the Legislature, 1967, Regular Session, presented to this Court certified copies of the original complaint of the plaintiff, the written motion by the defendant to dismiss, the plaintiff's answer to the motion, the summons issued from the District Court of the Eighth Judicial District of the State of Nevada, the decree of divorce entered by that court, the letter opinion of the circuit court, and the transcript of the evidence taken upon the hearing of the defendant's motion to dismiss, and certified to this Court the questions: (1) Whether the District Court for the Eighth Judicial District of the State of Nevada had jurisdiction to enter its decree

of August 4, 1964; (2) whether the decree of that court is entitled to full faith and credit or is void and of no force and effect in the State of West Virginia; and (3) whether the defendant was a resident of the State of Nevada for a period of six weeks preceding the commencement of his action for divorce in that state as required by the laws of that state. Upon the certificate of the circuit court of its ruling upon the questions arising upon the motion to dismiss this case was docketed for hearing by this Court on May 20, 1968.

The motion of the defendant to dismiss for lack of jurisdiction is analogous to and performs the function of a plea in abatement which was the usual method or procedure to challenge the jurisdiction of a court to entertain a proceeding before the adoption of the West Virginia Rules of Civil Procedure, which became effective July 1, 1960. By Rule 7 of those rules demurrers, pleas in bar, pleas in abatement and exceptions for insufficiency of a pleading were abolished. The function of a plea in abatement may now be accomplished by a motion to dismiss for lack of jurisdiction under the provisions of Rule 12 (b); and a ruling upon a motion to dismiss for lack of jurisdiction may be certified under Section 2, Article 5, Chapter 58, Code, 1931, as amended by Chapter 17, Acts of the Legislature, 1967, Regular Session, which provides, in part, that "Any question arising upon the sufficiency of a summons or return of service, upon a challenge of the sufficiency of a pleading or the venue of the circuit court, upon the sufficiency of a motion for summary judgment where such motion is denied, or a motion for judgment on the pleadings, upon the jurisdiction of the circuit court of a person or subject matter, or upon failure to join an indispensable party, in any case within the appellate jurisdiction of the supreme court of appeals, may, in the discretion of the circuit court in which it arises, and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision, and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back." See *Halltown Paperboard Company* v. *The C. L. Robinson*

*Corporation,* 150 W. Va. 624, 148 S. E. 2d 721. In the *Hall-town* case this Court held, under Section 2, Article 5, Chapter 58, Code, 1931 before it was amended in 1967, that a motion to dismiss on the ground that a court lacks jurisdiction in accordance with the provisions of Rule 12 (b) (1) of the Rules of Civil Procedure is a motion challenging the sufficiency of a pleading and a ruling upon such motion is properly certifiable. In the opinion in that case this Court said: "The defendant's motion to dismiss was made in accordance with the provisions of R.C.P. 12 (b) (1). Demurrers having been abolished by R.C.P. 7 (c), their function is now accomplished by a proper motion to dismiss under R.C.P. 12 (b). Therefore, the defendant's motion, serving the same function as did the demurrer prior to adoption of the West Virginia Rules of Civil Procedure, properly challenged the sufficiency of the complaint and the questions before us are certifiable." Here, as already indicated, the motion of the defendant to dismiss for lack of jurisdiction was made pursuant to provisions (1), (2) and (3) of Rule 12 (b) of the West Virginia Rules of Civil Procedure.

This Court has consistently held, in numerous cases, that under Article IV, Section 1, of the Constitution of the United States, a valid judgment of a court of another state is entitled to full faith and credit in the courts of this State; that by virtue of the full faith and credit clause of Article IV, Section 1, of the Constitution of the United States, a judgment of a court of another state has the same force and effect in this State as it has in the state in which it was pronounced; and that a judgment rendered by a court of another state or by a court of this State is subject to attack for lack of jurisdiction to render such judgment or for fraud in its procurement. *State ex rel. Lynn* v. *Eddy,* 152 W. Va. 345, 163 S. E. 2d 472; *Gavenda Brothers, Inc.* v. *Elkins Limestone Company, Inc.,* 145 W. Va. 732, 116 S. E. 2d 910; and the many cases cited in the opinions in those cases.

The plaintiff attacked the final judgment of the District Court of the Eighth Judicial District of Nevada at the hear-

ing on April 11, 1967, and upon the evidence adduced at the hearing the circuit court, as indicated earlier in this opinion, denied defendant's motion to dismiss and held that the Nevada court did not have jurisdiction to enter the final judgment of August 4, 1964, because the defendant was not a bona fide resident of the State of Nevada for the required period of time and that such judgment was not entitled to full faith and credit but was void and of no effect in this State.

When the question of jurisdiction appears from a pleading and may be determined without proof with respect to the sufficiency of a pleading, as in the *Halltown* case, the ruling of the circuit court on that question is certifiable. When, however, the question of jurisdiction can not be determined from a pleading or a motion to dismiss pursuant to provisions (1), or (2) of Rule 12(b) of the West Virginia Rules of Civil Procedure, and evidence is taken or is required to enable the circuit court to determine that question, a ruling of the circuit court is not certifiable even though Section 2, Article 5, Chapter 58, Code, 1931, as amended by Chapter 17, Acts of the Legislature, 1967, Regular Session, expressly provides, in part, that any question upon a motion to dismiss "upon the jurisdiction of the circuit court of a person or subject matter" may be certified by such court to the Supreme Court of Appeals for its decision. That provision does not apply to a ruling upon a jurisdictional question when that question must be disposed of by proof and does not enlarge the scope of the statute to permit certification of a ruling based on facts which, as here, must be established by evidence to support the motion to dismiss. There is no difference between the statute before and after its amendment with respect to certification of a question which must be disposed of by proof. In cases decided before the 1967 amendment, this Court has said that if proof is taken or required in connection with a pleading the question presented is not certifiable. *Smith* v. *Winters*, 146 W. Va. 1018, 124 S. E. 2d 240; *Sage* v. *Boyd*, 145 W. Va. 197, 113 S. E. 2d 836; *State* v. *Holesapple*, 116 W. Va. 19, 178 S. E. 280. In the *Smith* case, decided in 1962, this Court

said in the syllabus that if proof is taken in connection with the pleading the case is not certifiable under Section 2, Article 5, Chapter 58, Code, 1931, and that if such case is docketed by this Court as a certified case it will be dismissed as improvidently docketed. In the *Sage* case, decided in 1960, the syllabus is: "Under the provisions of Code, 58-5-2, this Court has no jurisdiction to review the sufficiency of a pleading on certification where the question raised must be disposed of by proof."

The provision of Section 2, Article 5, Chapter 58, Code, 1931, as amended by Chapter 17, Acts of the Legislature, 1967, Regular Session, that any question arising upon the sufficiency of a motion "upon the jurisdiction of the circuit court of a person or subject matter" may be certified by the circuit court to the supreme court of appeals for its decision, does not empower this court to review the sufficiency of such motion on certificate if, as here, the jurisdictional question presented must be determined by proof. A ruling upon a motion to dismiss for lack of jurisdiction which presents a question that must be determined by proof is not certifiable under the statute as amended; and if a case which is not certifiable is docketed as a certified case it will be dismissed as improvidently docketed.

For the reasons stated the questions presented by the certificate are not certifiable; and this case, having been improvidently docketed, is dismissed and remanded to the circuit court.

*Dismissed and remanded.*