GAIL R. WILFONG

*v.*

DEWEY L. WILFONG

(No. 13214)

Submitted May 15, 1973.     Decided June 12, 1973.

*Mike Magro, Jr., Richard W. Cardot,* for appellant.

*Bonn Brown, George S. Sharp,* for appellee.

HADEN, JUDGE:

This is an appeal by Gail Wilfong from an adverse order of the Circuit Court of Tucker County, Honorable D. E. Cuppett, Jr., Judge, presiding, entered March 22, 1972.

The order assailed denied the appellant's motion, which was characterized by counsel as a "motion for judgment on the pleadings pursuant to Rule 12 (c)" of the West Virginia Rules of Civil Procedure.

This motion sought an adjudication from the trial court, that as a matter of law, Mrs. Wilfong remained an owner of an undivided interest in a farm located in St. George District, Tucker County, West Virginia, acquired previously by her, jointly with her husband, Dewey Wilfong, during their marriage. The parties have since divorced and after default of a loan obligation secured by a deed of trust, the jointly held farm has been sold by a trustee. The purchaser at the sale was the appellee, then unmarried, who now claims to have acquired the entire interest as the sole grantee in the deed from the trustee.

The assertion of the motion for judgment was that Dewey Wilfong, the appellee, is either holding the legal title to the farm in trust for the benefit of his former wife and co-owner, or that the effect of purchase by him as a previous co-owner, after the obligation secured by the deed of trust became in default, amounted to no more than the redemption of jointly held property which inured to the benefit of the cotenant, Gail Wilfong.

The 12 (c) motion was made at the close of the pleadings. It was based upon the facts alleged, denied or avoided in the pleadings, and as well, certain answers of the appellee elicited from interrogatories propounded to him by the appellant.

Upon resistence to the motion by Dewey Wilfong, the court entered the order denying plaintiff's motion and alluded in his opinion to plaintiff's allegation of fraud in the complaint, defendant's denial of fraud, and the consequent existence of a genuine issue of triable fact.

At the petition of Gail R. Wilfong, this Court granted the appeal on June 19, 1972, believing the substantive questions regarding the title to the property to have been properly before it. It now appears, to our belated cognition and through the contention of the appellee in his brief, that this Court is being asked to review an interlocutory ruling of a trial court made in a case still pending before

that court. If this be true, the consideration of the substantive questions raised by appellant, will, of necessity, be deferred to another day.

At the outset, this Court has been called upon to classify and denominate the motion which was overruled by the trial court. Although the appellant characterized this motion as a 12(c) motion for judgment on the pleadings, it is evident from the allegations of her motion that matters outside the complaint and answer were presented for the trial court's consideration. As previously noted, the motion is based, in part, upon the defendant-appellee's answers to interrogatories propounded during the pendency of the case. Rule 12(c) of the West Virginia Rules of Civil Procedure (hereinafter cited as "the *Rules*" or Rule _____, W.Va. R.C.P.), provides in part:

> "... If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Accordingly, we hold that the motion before the trial court, however designated, was converted by the action of the movant in the introduction of matters outside the pleadings to a motion for summary judgment governed by Rule 56.

Consequently, the first and perhaps sole issue before this Court is whether an order denying a motion for summary judgment made at the close of the pleadings and before trial is an order directly appealable to this Court?

Without detailing other limitations provided in the West Virginia Constitution, Article VIII, § 3, and the *Code*, successful applications for appeals to this Court in civil cases are conditioned upon the previous entry of a "... final judgment, decree or order; ..." in a trial court. West Virginia Code, Chapter 58, Article 5, Section 1 (1931).

In the case before us, the plaintiff sought to have her chief claim adjudicated as a matter of law without the necessity of proof adduced at trial. The court below denied that motion saying, in effect, there were factual matters to be resolved before either party's position could be vindicated. Was such a denial final or interlocutory? We believe it to have been the latter.

According to BLACK, LAW DICTIONARY, 952 (4th ed. 1951), an "interlocutory" ruling is one ". . . intervening between the commencement and the end of a suit which decides some point or matter, but is not a final decision of the whole controversy." *Hill v. Hill,* 153 W.Va. 392, 401, 168 S.E.2d 803 (1969) (definition approved and recognized). Accord, 11 MICHIE'S JUR., *Judgments and Decrees* § 7 (1973 Cum. Supp.).

Prior to the adoption of the Rules of Civil Procedure promulgated by this Court and made effective in 1960, the demurrer, at common-law procedure, fulfilled the function of the now more precise motions: *to dismiss for failure to state a claim upon which relief can be granted* [Rule 12(b)(6), W.Va. R.C.P.]; *for judgment on the pleadings* [Rule 12(c) supra]; and *for summary judgment* [Rule 56 supra]. Cases decided previous to the *Rules* clearly treated an order overruling a demurrer to a plea to be interlocutory and non-appealable before resolution of the case by final judgment, *e.g., Cost v. MacGregor,* 123 W.Va. 316, 14 S.E.2d 909 (1941). Cases decided since the *Rules* involving extraordinary remedies not governed by the *Rules* procedures also hold rulings upon demurrers to be interlocutory. *Delardas v. Morgantown Water Commission,* 148 W.Va. 318, 134 S.E.2d 889 (1964).

Demurrers were abolished by Rule 7(c), W.Va. R.C.P., and supplanted by Rule 12(b)(6), 12(c) and 56 motions. See, *Nicholas v. Nicholas,* 152 W.Va. 424, 163 S.E.2d 880 (1968); *Halltown Paperboard Co. v. C. L. Robinson Corp.,* 150 W.Va. 624, 148 S.E.2d 721 (1966); LUGAR AND SILVERSTEIN, *W.Va. Rules* p. 71 (1960).

The vast majority of federal rules decisions, after which our own rules were modeled, and decisions of jurisdictions also substantially following the federal rules, affirm that denials of motions for summary judgment and judgment on the pleadings are non-appealable at the time of the ruling. Annot., "Appealability of order denying motion for summary judgment," 15 A.L.R.3d 899 (1967); Annot., "Appealability of order overruling motion for judgment on the pleadings," 14 A.L.R.2d 460 (1950), 13-15 A.L.R.2d Supp. 188 (1973).

The textual authorities also treat the denial of such motions as being purely interlocutory. 4 AM. JUR. 2d, *Appeal and Error* §§ 103, 104 (1962); 4 C.J.S., *Appeal and Error* § 116(6) (1957), (1973 Cum. Supp.). Treatises devoted to an explanation and annotation of federal rules likewise are in accord. 6 MOORE, *Federal Practice* ¶ 5621, at 2743 (2d ed. 1972); 5 WRIGHT & MILLER, *Federal Practice and Procedure*: Civil § 1372 (1969); 10 WRIGHT & MILLER, *supra*, § 2715 (1973); 3 BARRON & HOLTZOFF, *Federal Practice and Procedure*, Rules Edition, § 1242 (1958).

The overwhelming weight of authority in jurisdictions which proceed under the federal rules, or in state jurisdictions where similar customized versions of those rules are followed, is to the effect that 12(c) and 56 motions overruled present interlocutory adjudication only; the denial orders are not immediately appealable.

Authority to the contrary is sparse and not illuminating.

The late Judge Haymond recognized and approved the rule in an opinion which, nevertheless, failed to directly pass on the matter now at hand. See, *Aetna Casualty & Surety Company v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963) (rule approved in syllabus point 8, but facts and failure to cross-assign error did not directly support the proposition advanced: an order denying a summary judgment motion is interlocutory.).

The principle of non-appealability in interlocutory rulings is well grounded in reason. It prevents the loss of

time and money involved in piece-meal litigation and the moving party, though denied of immediate relief or vindication, is not prejudiced. The action simply continues toward a resolution of its merits following a decision on the motion. If unsuccessful at trial, the movant may still raise the denial of his motion as error on an appeal subsequent to the entry of a final order. See, *Aetna Casualty & Surety Insurance Company v. Federal Insurance Company of New York, supra; Sinclair Refining Company v. Stevens,* 123 F.2d 186 (8th Cir. 1941), *cert. den.,* 315 U.S. 804, 86 L. Ed. 1203, 62 S. Ct. 632 (1942).

Parenthetically, we note that an interlocutory order, entered pursuant to the *Rules,* which denies a motion is certifiable under certain circumstances by authorization of the Legislature. The statutory procedure permitting this Court to consider Certified Questions since 1915 and allowing a litigant a direct and preliminary review is available either on motion of the trial court or by agreement of the parties. *Code,* 1931, 58-5-2, as amended. See also, note by Judge Haymond, "Certified Cases Under the Statutes and the Rules of Civil Procedure," 65 W. Va. L. Rev. 1 (1962-63). Here, of course, the appellant proceeded by way of application for appeal and apparently did not seek to avail himself of the efficacious and beneficial statutory direct review provided by this certified question procedure authorized by the *Code.*

By logic, reason, the overwhelming weight of authority, and the principle of *stare decisis,* we hold that the effect of the entry of an order denying a motion for summary judgment made at the close of the pleadings and before trial, is merely interlocutory and not then directly appealable to this Court.

For this reason, we are constrained to dismiss the appeal as improvidently awarded, and we must, therefore, refuse to consider, at this time, serious substantive questions urged by the appellant in her brief and upon oral argument.

*Appeal dismissed as improvidently awarded.*